LEWIS *against* HAWLEY :

### IN ERROR.

*Hartford*,
June, 1814.

THIS was a petition brought by *Lewis* to the superior court, for a new trial of an action of slander, in which *Hawley* had recovered a verdict and judgment against him.(*a*) The petition was voluminous, detailing all the evidence exhibited by *Hawley* on the trial, alleging falsehood, mistake, fraud and surprise, and averring newly discovered and material evidence. To this petition there was a demurrer. The court adjudged the petition insufficient ; whereupon this writ of error was brought.

A petition for a new trial on the ground of surprise and newly discovered evidence, being an address to the discretion of the court, a writ of error will not lie on a judgment or decree in such case refusing a new trial.

*N. Smith*, for the plaintiff in error, went into a minute and elaborate discussion of the allegations in the petition, contending that a new trial ought to have been granted.

*Daggett* and *R. M. Sherman* for the defendant in error, met the question on the merits of the petition, and insisted that the petitioner had not shewn himself entitled to the relief which he sought. They also contended,

2. That this being an application to the *discretion* of the court below, a writ of error will not lie to revise their decision. The act of the court in refusing a new trial is analogous to their refusing to reserve a motion, or a case stated ; which clearly could not be the subject of a writ of error. They cited and relied upon *Granger* v. *Bissell*, 2 *Day's Ca.* 364, 368.

In reply, it was said, that a petition for a new trial had, in this state, always been treated as an original suit, and had all the incidents of an original suit. The discretion which the court are to exercise is a sound and legal discretion, subject to established rules. In *Granger* v. *Bissell* no reasons are given ; and it does not appear from the *case* on what ground it was decided. A casual remark of the reporter in a marginal note is too loose an authority to govern the decision of this Court.

(*a*) Vide 2 *Day's Ca.* 495.

*Hartford,*
June, 1814.
Lewis
*v.*
Hawley.

BRAINARD, J.  A petition for a new trial on the ground of surprise and newly discovered evidence is an address to the sound discretion of the court.  The court in fact are presumed to possess the whole of the testimony offered on the trial.  They have a full view of the case as it appeared to them ; with which they are to compare the surprise and newly discovered evidence stated ; and, if called to it by demurrer, to judge of the nature and extent of the one, and of the importance and relevancy of the other.  These are to be tested by the discretion of the court, of which error is not predicable.

Our statute(*a*) on the subject directs the courts for mispleading, or discovery of new evidence, or other cause, to grant new trials as shall by them be judged reasonable, and proper, submitting to and relying on the sound discretion of the court.  This, in the present case, I am bound to presume, has been duly and properly exercised.  I am, therefore, of opinion that in the judgment complained of there is nothing erroneous.

INGERSOLL, J. gave no opinion, having been of counsel in the cause previous to his appointment to the bench.

The other Judges severally concurred in the opinion delivered by Judge *Brainard*.

Judgment affirmed.

(*a*) *Tit.* 6. *c.* 1. *s.* 13.