WHITE *against* TRINITY CHURCH :

### IN ERROR.

A petition for a new trial, being an application to the discretion of the court, the refusal to grant it, is not the subject of error.

This was a petition for a new trial.

The original action was *assumpsit ;* brought by the Rev. *George S. White* against the society of *Trinity Church* in *Brooklyn,* for services rendered, from the 19th of *December,* 1817, until *Easter Tuesday,* 1818, at the special instance and request of the defendants, as pastor and teacher in said society. The cause was tried in the superior court, on the general issue ; and a verdict was given for the defendants.

The petition stated, that before and at the trial, the petitioner and his counsel were led to believe, that the only question to be litigated was, the legal existence of the defendants as a corporation, and on that point he was fully prepared ; that in consequence of the extreme sickness of his family, he was prevented attending court at the trial ; that *Daniel Putnam,* Esq., a member of said society, was introduced as a witness for the defendants, and testified, that he was, at the time the services in question were rendered, the senior warden of *Trinity Church,* having the management of the prudential affairs of the society, and that he never requested the petitioner to come to *Brooklyn* to preach, but that he came and volunteered his services, when on his way to *Virginia,* without any request whatever, by the parish, or any of its officers ; that the petitioner was surprised with this testimony, and not knowing of it until after the cause was determined, he was prevented from communicating to his counsel, or exhibiting in court, a letter addressed to the petitioner, by said *Putnam,* while the petitioner was in *Boston,* urgently soliciting him to come to *Brooklyn,* and preach to the defendants, in consequence of which he left *Boston,* and rendered the services in question ; that by the providence of God, and circumstances wholly beyond his controul, the petitioner was prevented from availing himself of this letter on the trial, and consequently, lost his just cause.

To this petition there was a demurrer ; and judgment was rendered thereon for the respondents. To reverse that judgment, the present writ of error was brought.

*Windham,*
July,
1823.

White
*v.*
Trin. Church.

*Cleaveland*, for the plaintiff in error.

*Goddard*, for the defendants.

Hosmer, Ch. J.   An action of *assumpsit* was brought, by the plaintiff in error, against the defendants, to recover the value of certain services rendered ; and on a hearing, by the court and jury, the cause was determined against him.   For the purpose of obtaining a new trial, he exhibited his petition to the superior court, alleging surprise, and the production of evidence against him, which, otherwise, he could have disproved ; and on demurrer, it was adjudged against him, for insufficiency. To review this determination, a writ of error is brought to this Court.

A petition for new trial, is an application to the sound discretion of the court, and incapable of being reduced to the standard of fixed and certain rules.   The granting or refusing of it, is absolutely in the breast of the court.   *Smith* v. *Brampston*, 2 *Salk*. 644.   *Bull. N. P.* 326. and, as was said in *Bright* Exr. of *Crisp* v. *Eynon*, 1 *Burr.* 390. " it would be difficult, perhaps, to fix an absolutely general rule about granting new trials, without making so many exceptions to it, as might tend rather to darken the matter, than to explain it ;  but the granting or refusing of it, must depend on the legal discretion of the court, guided by the nature, and circumstances of the particular case, and directed with a view to the attainment of justice." Hence, the value of the matter in controversy ;  the nature of the right, whether it be equitable, or a rigorous exaction of extreme legal justice, hardly reconcileable to conscience ;  and of the evidence, whether it is nearly equal, or strongly preponderates ;  and indeed, an infinite variety of considerations, which can never be brought to the test of strict rule, and which must be referred to the discretion of the judge, are the bases of determination.   A refusal to continue a cause cannot be assigned for error, because it is merely a matter of discretion. *Wood* & al. v. *Young*, 4 *Cranch* 237.   " This," said *Marshall*, Ch. J., " is a case, in which the court cannot look into the merits of the question, whether the court below ought to have granted a continuance of the cause ;" and the same observation applies, with equal force, to the case under discussion.

It is unnecessary to consider at greater length the merits of a question, which, in this state, is clearly settled, by determinations of court, if the maxim *stare decisis* is any thing more

than a name. Nearly forty years since, it was adjudged, in *Kimball* v. *Cady, Kirby* 41. that a petition for new trial is matter of discretion with the court, to which it is preferred, to grant or negative; and therefore, that error cannot be predicated upon such a decision. Twenty years after this determination, in *Granger* v. *Bissell,* 2 *Day* 364. it was determined, by the supreme court of errors, that a writ of error will not lie on a judgment of the superior court, refusing a new trial. And in the year 1814, the case of *Lewis* v. *Hawley,* 1 *Conn. Rep.* 49. was decided in this Court, which was a writ of error brought to reverse a judgment, rendered on a demurrer to a petition for new trial, upon which the petition was adjudged insufficient; and in this case, eight of the nine judges, *Ingersoll, J.* having been of counsel, concurred in the opinion, that a petition for new trial, on the ground of surprise and newly discovered evidence, being an address to the discretion of the court, a writ of error will not lie on a judgment or decree, in such case, refusing a new trial. In *Kenderson* v. *Moore,* 5 *Cranch* 11. it was said, by *Marshall,* C. J., that the supreme court of the *United States* had decided, at their last term, "that a refusal, by the court below, to grant a new trial, was not error." The proceedings of the court must, undoubtedly, be regular; but the sufficiency of their opinion on the merits, cannot be questioned.

It is presumed, that the decisions before-mentioned, were not in the knowledge or recollection of the plaintiff in error; and that in the face of such multiplied authority, the present writ of error would not have been brought.

The other Judges were of the same opinion.

Judgment affirmed.

---

☞ During the remainder of the period, embraced by this volume, except in one or two cases, in which his name will appear, Judge CHAPMAN was absent, on account of ill health.