## ASHBEL WELLES *vs.* HENRY HARRIS.

An auditor has power, after the hearing of a case is closed and he has made up his report, but before he has returned it to the court, to open the case and grant a further hearing for newly discovered evidence or other good cause.

Where however an auditor refused to open a case and hear further testimony upon the sole ground that he had no further power over the case, and the defendant remonstrated against the acceptance of the report on that ground, setting forth the newly discovered evidence and stating the circumstances, and did not appear upon the facts so stated that the evidence could have materially affected the result, a judgment of the superior court accepting the report was, on a motion in error, affirmed.

ASSUMPSIT, to recover for a quantity of tobacco alleged to have been sold to the defendant. The case was referred to an auditor by the superior court, who reported that the defendant was indebted to the plaintiff in the sum of $334.36. The defendant filed the following remonstrance against the acceptance of the report :

The defendant remonstrates against the acceptance of the auditor's report in this case made, for the following reasons:— 1st. On the trial the plaintiff claimed to recover of the defendant for certain tobacco sold by him to the defendant, at a certain price agreed on between them, to wit, fourteen cents per pound. It was admitted that the tobacco had been delivered to the defendant, prior to the alleged sale, to be packed in boxes. The defendant claimed that it was so delivered with the understanding that he was to sell it for the plaintiff at the best price he could get, he receiving a commission on the sales as his compensation, and that he did so sell it and was ready to account for the proceeds, and that he never himself bought the tobacco. The plaintiff denied that he had ever authorized the defendant to sell the tobacco at all. The plaintiff testified that one Chapman had, without seeing the tobacco, offered him fourteen cents per pound for it; that he the next day informed the defendant that Chapman had offered that price, and that he would have sold at that if he had had the tobacco in his hands, and that thereupon the defendant replied that if Chapman would give him fourteen cents he would, and that the defendant agreed to buy and the plaintiff agreed to sell at that price, and that the sale was thereupon completed. The defendant was taken by surprise by this testimony, as he had never heard that Chapman had made any such offer. He at once sent off a subpœna and special messenger after Chapman, but found that he was absent from the state, not to return for some weeks. The defendant had no reason to doubt the truth of the plaintiff's testimony, and so did not ask for a delay of the trial till his return, but allowed the same to go on. Since the trial was concluded, and after the auditor had prepared his report, but before the same was filed in court or beyond his control, Chapman returned to the state, and the defendant ascertained from him and now alleges that he will testify as follows:—That the plaintiff informed him that the tobacco was in the hands of the defendant to be sold on commission; and that he (Chapman) did not offer fourteen cents or any other sum whatever for the tobacco. On learning these facts the defendant applied at once to the

auditor to re-try the case, and informed him of the testimony thus newly discovered by him, and of all the foregoing facts. But the auditor, though admitting that the evidence was new and material, yet declined to re-try the case, on the ground solely that he had no power so to do, as the trial had once been closed. The defendant alleges that the evidence is new and material, and was discovered by him for the first time since the trial, and that he was not guilty of any negligence in not discovering it sooner. 2d. At the trial evidence was adduced by the defendant tending to show that he sold the tobacco for eight cents per pound, and there was no evidence tending to show that he sold for any other price. No evidence was adduced tending to show any sale to the defendant except the express bargain testified to by the plaintiff at fourteen cents per pound. There was some evidence as to the market value of the tobacco being about twelve cents. The auditor decided that the tobacco was sold to the defendant, but fixed the price at twelve cents per pound, a price not sustained by any evidence. Wherefore the defendant prays that the report be not accepted.

The plaintiff demurred to the remonstrance, and the superior court held it to be insufficient, accepted the report, and rendered judgment for the plaintiff for the amount found due by the auditor. The defendant thereupon filed a motion in error and brought the record before this court.

*Towle* and *R. Welles*, for the plaintiff in error.

*Barbour*, for defendant in error.

HINMAN, C. J. The question in this case is, whether the auditor committed such an error in refusing to grant to the defendant a rehearing after the trial had been closed as that the superior court should have set aside his report. The dispute at the trial was as to the amount of the indebtedness of the defendant. He had received of the plaintiff a quantity of tobacco which he had sold and converted into cash, and it was claimed by the plaintiff that the defendant had purchased

it of him before he so sold it at fourteen cents per pound, while the defendant claimed that he received it to sell for the best price that could be obtained for it, and that he was entitled to a reasonable commission on the sale as a compensation for his services, and that therefore he was only indebted for the amount which he obtained for it after deducting such commission.

The plaintiff testified that a Mr. Chapman had offered him fourteen cents, and that he so informed the defendant, who replied that if Chapman would give fourteen cents for it he would, and the defendant thereupon agreed to buy and the plaintiff agreed to sell it at that price and the sale was then completed. The defendant then made some exertions to procure the attendance of Chapman before the auditor, but did not succeed ; and, as the remonstrance states it, " he had no reason to doubt the truth of the plaintiff's statement and so did not ask for a delay of the trial " to enable him to procure his testimony. But on learning, after the completion of the trial, that Chapman would testify differently, he then applied to the auditor for a rehearing, which was refused solely on the ground that he had no power to open the case after the trial was once closed. We are all of opinion that the reason given by the auditor for refusing to grant the defendant's motion was an unsound one ; for, although the formal hearing was finished, and the report was prepared, still, as it was not returned to the court, and his decision does not even appear to have been made known to the parties, we have no doubt that, for the purpose of hearing additional evidence which might vary the result of the trial, the case was still within his control ; and it was not only competent for him to grant a rehearing, but for any reasonable cause, such as the discovery of new evidence, which would be sufficient ground for an application for a new trial, either at law or in equity, it would be his duty to grant it, on giving notice to the opposite party. And we should certainly have been better pleased with the course of the auditor if he had given the parties a hearing on the motion for a further trial, and had exercised his discretion in refusing it, instead of disposing of it as it appears from the

motion that he did, upon the ground that he had no power to grant it.

The remonstrance upon which these facts appear, though to be taken as true, because it is demurred to, is still to be construed as all pleadings are in cases of doubt, against the party whose attorney drew it up. We allude to this for the reason that it is stated in it, that the plaintiff had no reason to doubt the truth of the plaintiff's testimony, and so did not ask for a delay of the trial to enable him to procure the testimony of Chapman. Of course this must refer to that portion of the plaintiff's testimony which relates to the conversation between him and Chapman, and in respect to which we think it amounts to an admission that he voluntarily consented to waive the testimony of Chapman, and to rely alone upon the testimony of the plaintiff on that point. This admission, moreover, amounts to a very strong implication that the plaintiff did inform him that Chapman had said that he would give fourteen cents for the tobacco, since otherwise it would be impossible for him not to doubt the correctness of the plaintiff's testimony. But, however this may be, we think a party ought not to be allowed to take his chance of obtaining an award in his favor upon such evidence as he may happen to have at a trial, and if he fails in his object, to then have an opportunity to look up witnesses, whom, as in this case, he had every reason to suppose might be able to give important evidence in his favor, and in this way to experiment upon the chance of obtaining a more favorable result on a second trial. We think, therefore, that there was such laches in suffering the trial to proceed without even moving for a postponement, as would have made it the duty of the auditor as a matter of discretion to refuse the application to re-try the cause. Still, as he refused to grant the motion on the ground that he had not the power to allow it, and therefore had no discretion to exercise in the matter, we have no doubt this was such an error as ought to set aside the report, if the evidence itself which the party in his motion alleges that he can now procure was in our opinion such as ought, or might reasonably be expected, to vary the result. We find, however, that the evi-

dence which the remonstrance states the defendant can now procure from Chapman is of such a character that we are entirely satisfied that it ought not to vary the result if it should now be introduced. And, as the application for a rehearing was in the nature of a motion or petition for a new trial, we think it should not only appear that the evidence was new and undiscovered at the time of trial, and could not have been had by the use of reasonable diligence, but that it is material evidence, and sufficient probably to produce a different result, as is required in applications for that purpose. See *Norwich & Worcester R. R. Co.* v. *Cahill*, 18 Conn., 484.

It appears by the remonstrance that the new evidence which the defendant proposes to introduce, consists of a contradiction by Chapman of the declaration which the plaintiff testified that Chapman made to him in respect to an offer of fourteen cents for the tobacco, and of a statement by Chapman that the plaintiff informed him that the tobacco was in the defendant's hands to be sold on commission.

Now in respect to what the plaintiff testified that Chapman told him he would give for the tobacco, it has already been suggested that the defendant, by consenting to go on with the trial, without asking for a postponement to enable him to procure Chapman's testimony, must be regarded as having waived the evidence which he now proposes to introduce to contradict the plaintiff. And in addition to this, we think the remonstrance leaves it a little doubtful whether the plaintiff's testimony on this point was admissible at all, if it had been objected to by the defendant. What Chapman had said he would give for the tobacco was of no importance whatever unless communicated to the defendant and acted upon as the foundation of his agreement to purchase ; and even then the question was, what was the contract which the defendant made, rather than what Chapman had proposed to make. And unless the plaintiff's conversation with Chapman bore upon this question it was clearly inadmissible as hearsay, and the proper course would have been for the defendant to object to it as such. If a party suffers improper evidence to be introduced he should be concluded by it; or, at any rate, he can

not let it be received for the purpose of laying the foundation for a new trial because he can contradict it. But assuming it to have been admissible, it seems to have been of so slight importance in the opinion of the defendant that he chose to suffer the trial to proceed without asking a postponement in order to disprove it; and although he alleges that it surprised him, still, if he chose to suffer the trial to proceed, we think he ought not now to be allowed to use it as the foundation for another hearing, unless indeed it appeared that the evidence was of so controlling a character as would probably alter materially the report of the auditor.

It appears to us also that the admission which the remonstrance alleges that the defendant made to Chapman is an insufficient ground for another trial. This undoubtedly would have been proper evidence, still its whole force and effect depends upon the time when the admission was made. If made before the contract of sale to the defendant was claimed to have been made it would have been of no importance whatever, as the tobacco might at that time have been in the defendant's hands to sell on commission, and might afterwards have been sold to him. And this we infer was the claim of the plaintiff on the trial.

Considering therefore the uncertain and unsatisfactory character of the testimony and its admitting of explanation consistently with the claim made by the plaintiff, and the fact that nothing is stated from which its weight and importance can be inferred, we think enough is not shown to satisfy the rule on the subject of granting new trials for newly discovered evidence. The object of all the new evidence is to impeach the plaintiff's testimony in respect to a sale of the tobacco. And if this object was successfully accomplished it might vary the amount of the defendant's indebtedness to some extent. But the auditor did not credit the claims of either party. He found that the defendant purchased the tobacco, it is true, but not finding that it was purchased at the price claimed, he allowed only its market value at the time. This could not have done very great injustice to the defendant, as he admitted that he had sold it, and was accountable for the avails received after

deducting his commission. And as it was his duty to sell it for the best price that could be obtained for it, the presumption must be that he obtained at least its market value. When the controversy is so trifling in respect to the amount of the debt, and the award appears to be just and equitable even in that respect, we think the defendant ought to present a more satisfactory ground for a rehearing than he has shown in the present instance.

We do not find therefore that there was any error in overruling the remonstrance and accepting the auditor's report.

In this opinion the other judges concurred.