## FREDERICK PARSONS *vs.* WILLIAM PLATT.

A petition for a new trial must aver, and it must be made to appear, 1st, that the additional evidence is newly-discovered; 2d, that it is material; 3d, that the witnesses will testify to it; 4th, that it could not have been obtained and produced at the trial by the use of due diligence.

It must also appear that the new evidence is not offered to prove a new defence,

or let the party into one of which he had knowledge at the trial,—that it is not offered to impeach a witness,—that it is not cumulative,—that it makes it apparent that injustice has been done,—and is sufficient to make the case a *primâ facie* one for the petitioner on a new trial.

Such a petition is addressed to the discretion of the court, and a refusal to grant it is not the subject of error.

PETITION for a new trial, brought to the Court of Common Pleas in Fairfield county, and heard before *Brewster, J.* Petition dismissed and motion in error by the petitioner. The principles of law decided by the court will be sufficiently understood without a statement of the facts of the case, which would occupy much space.

*G. H. Hollister* and *D. F. Hollister*, for the petitioner.

*Treat* and *Bullock*, for the respondent.

BUTLER, C. J. This is a petition for a new trial on the ground of newly-discovered evidence, addressed to the Court of Common Pleas, which tried the case. The petition is sufficiently formal, and is to be governed by the rules of law applicable to the determination of petitions of that character. The court found the facts alleged to be true, but held them insufficient in the law. In order to decide whether the judge erred in so holding, we must look at the legal requisites of such a petition and see if the facts found brought the case within them.

First, it must be averred in the petition, and made to appear, that the additional evidence is newly-discovered.

Second, that it is material.

Third, that the witnesses will testify to it.

Fourth, that it could not have been obtained and produced at the trial by the use of due diligence.

These requisites are averred, and sufficiently covered by the finding of the court.

But it must further appear :—

Fifth, that the evidence is not offered to prove a new defence, or let the party into a defence of which he had knowledge at the trial. *Lester* v. *The State*, 11 Conn., 415.

Sixth, that it is not offered to impeach a witness. 1 Swift Dig., 787.

Seventh, that the evidence is not cumulative. 1 Swift Dig., 787.

Eighth, that it makes it clearly apparent that injustice has been done. *Norwich & Worcester R. R. Co.* v. *Cahill*, 18 Conn., 484.

Ninth, that the new evidence is "sufficient to turn the cause in favor of the applicant;" 1 Swift Dig., 787; and show that "if a new trial were granted a different result would be produced." 18 Conn., 484.

Such are the legal rules by which a court must be governed in disposing of such an application for a new trial, and a petition which does not show such a case is insufficient in the law and demurrable as such.

We are satisfied that the newly-discovered evidence was not offered to prove a strictly new defence, nor claimed in order to impeach a witness; and that it was not cumulative within the rule adopted in *Waller* v. *Graves*, 20 Conn., 210. But we are not satisfied that it is clearly apparent upon the face of the petition that injustice has been done, or that the newly-discovered evidence was sufficient to turn the cause in favor of the applicant or to produce a different result. And this, for two reasons. 1st. The warranty found by the court below, was found upon what was said between the parties *in the market*, at the time when the money was paid. The declarations there made, from which the warranty was implied, were sworn to by the plaintiff and another witness. The defendant did not directly deny the making of those declarations, nor offer any other witness to prove that they were not made. The fact that they were made was therefore proved by a clear and sufficient preponderance of evidence. The newly-discovered evidence does not impair that preponderance. It does not relate to what took place in the market and was not admissible to contradict the Platts. It was only admissible and could only be operative to show that Parsons said, *outside of the market*, that he would not warrant. But that does not prove the fact found that he *did* warrant *in the*

*market* afterwards, and before the money was paid him. Such evidence obviously could not be considered sufficient to "turn the cause in favor of the applicant" or "produce a different result." The petition, in my judgment, was clearly demurrable. 2d. The evidence is, under the circumstances, entitled to no weight. The applicant was a witness on the trial. He testified after the Platts had testified, in relation to the entire transaction and presumptively to everything which occurred that could aid his defence. If he made the declaration to which the new witness will swear, he must have known it and could not have forgotten it, and assuming it to be as important as he claims it to be, presumptively he would have sworn to it if true. He did not swear that he said so, nor claim that he did. Nor does he claim in his petition that such a declaration was ever made, or assign any reason why he did not testify to it. It is scarcely credible that he made it. The charitable inference under such circumstances is, that the witness was mistaken. Besides, if such a declaration was made, Parsons must be presumed to have known it at the time of the trial, and in the absence of any claim that he had forgotten it, or any excuse for not introducing the fact in any of his testimony, must be holden guilty of fatal neglect. For these reasons also the petition must have been held insufficient on demurrer.

But this case is not properly before us, and although heard upon its merits without objection, it is our duty to dismiss it. It has been settled by a long course of decisions in this state, that a petition for a new trial being an application to the discretion of the court, a refusal to grant it is not the subject of error. The question was unanimously decided by this court in 1823, in *White* v. *Trinity Church*, 5 Conn., 187, being the only question in the case. There had been a series of decisions to the same effect prior to that, commencing with *Kimball* v. *Cady*, Kirby, 41, and there have been at least three since that time, namely, *Magill* v. *Lyman*, 6 Conn., 59, *Lester* v. *The State*, 11 Conn., 415, and *Norwich & Worcester R. R. Co.* v. *Cahill*, 18 Conn., 484.

But it is said, and seems to have been conceded, that the

court found the facts alleged true, and decided " as matter of law" that the petition was *insufficient in the law.* And it is claimed that a writ of error will therefore lie from his decision. But counsel are mistaken. In the early case of *Granger* v. *Bissell*, 2 Day, 364, there was a demurrer to the petition, which of course admitted the allegations of fact and took issue *as matter of law* on the *sufficiency of the petition in the law.* The court adjudged it insufficient and the petitioner brought error. But the Supreme Court held that error would not lie from the judgment. Again, in the next case, *Lewis* v. *Hawley*, 1 Conn., 49, there was a demurrer to the petition and a judgment that the petition was insufficient, and the Supreme Court again held that error would not lie. So in *White* v. *Trinity Church*, 5 Conn., 187, there was a demurrer to the petition and "judgment was rendered thereon for the respondent," but the court held that error would not lie. In *Lester* v. *The State*, 11 Conn., 415, there was a demurrer to the petition and the questions were reserved. This court, in deciding them, after a full examination of the facts, said, " let the Superior Court be advised that the *petition is insufficient.*" Now, such being the usual form of decision by this court in cases where the facts in the petition were admitted or deemed insufficient, we cannot say that a different construction is to be given to the record of Judge Brewster, where he finds the facts proved, and thereupon holds as matter of law that the petition is insufficient in the law. Surely it can make no difference that the facts were found to be true instead of being admitted by a demurrer to be true, or that the record says he found the petition insufficient as *matter of law*, for such is the finding and judgment in all cases on a demurrer. So the court in all the cases cited, and all courts in all cases of judgment on demurrer, upon a bill or petition in equity, decide as matter of law that the bill or petition is insufficient in the law. In my judgment the distinction taken is unsupported by authority, contrary to general practice, and groundless. Where the facts alleged in a petition are admitted by demurrer or default, or found true on a hearing, the suffi-

ciency or insufficiency of it is matter of law, and a judgment of sufficiency or insufficiency must rest on legal rules applicable to the subject-matter and facts, and this case cannot be legitimately treated as an exception.

There is no error in the record.

. In this opinion the other judges concurred.