THERESA FIENGO, Claimant - Appellant
*vs.*
E. VITALE, INC. ET AL, Respondents - Appellees

Superior Court      New Haven County      File No. 58112

MEMORANDUM FILED FEBRUARY 15, 1940.

*Edward S. Snyder* and *Beers & Beers,* of New Haven, for the Claimant.

*Francis J. Moran* and *John E. McNerney,* of New Haven, for the Respondents.

SIMPSON, J.   In the hearing upon the motion for a new hearing and modification of the award previously made in the case, the Compensation Commissioner had before him, not only the affidavit attached to the motion but also the witnesses offered by the claimant.

The commissioner in considering the motion was governed by substantially the same principles as if it were a motion or petition to open a judgment of the court and grant a new trial. *Gonirenki vs. American Steel & Wire Co.,* 106 Conn. 1, 7.

It was within the commissioner's province and power to decide (1) whether the evidence was merely cumulative; (2) whether it was clearly apparent that injustice had been done; (3) whether the additional evidence was sufficient to turn the cause in favor of the claimant; and (4) whether, if a new hearing were granted, a different result would be produced. *Parsons vs. Platt,* 37 Conn. 563, 564, citing 1 Swift's Digest 787 and *Norwich & Worcester R.R. Co. vs. Cahill,* 18 Conn. 484; *Dudley vs. Hull,* 105 Conn. 710, 720. Such a motion is addressed to the legal discretion of the commissioner. *Selleck vs. Head,* 77 Conn. 15.

In passing upon one or more of the questions enumerated above, the commissioner was necessarily obliged to pass upon the credibility and weight of the witnesses in view of the attendant circumstances. He appears to have done this, and came to the conclusions that (1) it did not appear that the character and force of claimant's witness (Felixbrod) was such that it would be likely to produce a different result, nor (2) would it have the effect, upon further proceedings, of establishing claimant's right to compensation.

Having read all the testimony offered in the case, both that at the first hearing and that offered upon the motion, I cannot say that the commissioner violated his discretion in such a way that would justify an overruling of his conclusions.

The appeal is therefore dismissed.