[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPEAL FROM FAMILY SUPPORT MAGISTRATE
This a decision on a statutory appeal taken by the defendant from a decision by Ronald M. Sullivan, Family Support Magistrate, dated February 22, 1998.
 FACTS
The parties were married on April 15, 1982 and had three children, issue of the marriage, all of whom are still minors. The decree dissolving the marriage entered on April 24, 1992, and the defendant was ordered to pay child support to the plaintiff mother. Child support orders were transferred to the Family Support Magistrate. The file is extensive and contains multiple motions for contempt and modification before the Family Support Magistrate. As of early 1994 the order was $695 weekly and $40 weekly on the arrears to the state of Connecticut. Out of the $695, $495 was child support for the three minor children and $200 was for alimony. As of May 18, 1994, the arrears to the state of Connecticut were $18,520 and arrears to the petitioner were an additional $3,395. At the time of the decree, the defendant was employed by Paramount Pictures as a Producer/Director in productions of "Hard Copy" and the like. His April 23, 1992 financial affidavit discloses over $100,000 in annual income as a TV Producer/Director for paramount Pictures in Los Angeles. The plaintiff was an unemployed homemaker in April, 1992, taking care of the parties' three minor children, then ages 6, 4 CT Page 6644 and 2.
The defendant filed a motion to modify these orders on September 21, 1993. This modification motion is the genesis for the current appeal. The motion was not served pursuant to General Statutes § 52-50.
On May 19, 1994 the parties by agreement entered an interim order before Ronald M. Sullivan, Magistrate, retroactive to September 22, 1993, the filing date of the original motion. The interim order was: current support $299 per week, consistent with the Connecticut Child Support Guidelines, alimony $120 per week, $30 per week arrears to the plaintiff and $10 per week arrears to the state of Connecticut. The parties also stated on the record as follows: "We would ask the case to be continued and the interim order reviewed on the last Thursday in January of 1995 (January 26, 1995) . . . And at that time Mr. Vallas agrees to bring in all 1099's that he has available pertaining to his 1994 income." The defendant's September 21, 1993 Motion to Modify was therefore continued to January 26, 1995: "The court, well, it's going to be continued to January 26, 1995 for review, and further proceedings on the defendant's Motion to Modify." Transcript, May 19, 1994.
Prior to the entry of that order, the court file contained the following activity on the defendant's September 21, 1993 Motion to Modify: On November 18, 1993 the defendant appeared before the Magistrate with counsel, and his motion to modify was continued to February 3, 1994, at which time he was ordered to bring his 1993 financial records. On February 3, 1994, the motion was continued to March 3, 1994; on March 3, 1994 the case was continued to March 10, 1994. On March 10, 1994, the defendant appeared with counsel, and the motion was continued to May 12, 1994; thereafter, it was continued to May 19, 1994 when the above interim order was entered. The defendant and his counsel were in court on May 19, 1994. The case was then continued to January 26, 1995. The defendant said he would remember that date as it was his birthday.
The defendant immediately violated the interim order. He only paid three times: $459 on April 30, 1994; $459 on September 15, 1994; and $2,500 on October 12, 1994. He did not appear in court on January 26, 1995. The transcript of January 26, 1995 reflects the following comments by defendant's counsel, who appeared: "Mr. Vallas is in California . . . He believes that he will be in the CT Page 6645 area on March 27th, and I'm going to ask the court if this can be continued to revisit it at that date." The Magistrate marked the Defendant's September 21, 1997 Motion for Modification off, vacated the May 19, 1994 interim order and reinstated the former orders. The arrearages as of January 26, 1995 were $31,744.90.
The defendant did not appeal. The defendant did not appear in court in March, 1995, nor at any time in 1995, 1996, or the first nine months of 1997.
The next motion filed by the defendant was a Motion for Hearing dated October 1, 1997. The motion read as follows:
 The defendant in the above captioned action respectfully moves the Court for an order directing that a hearing be held on defendant's "Motion for Modification of Alimony and Child Support", dated September 21, 1993, (hereinafter referred to as the "Motion to Modify") and, in support hereof, states as follows:
 1. On or about May 19, 1994 a hearing was held on defendant's Motion to Modify his child support obligation.
 2. At the hearing, the parties reported that they had reached an agreement with respect to the Motion to Modify, and following evidence being presented to the Court, orders were entered and the matter was continued for review to January 26, 1995.
 3. On January 26, 1995, and although counsel for the defendant appeared, the matter was marked "off".
 4. Defendant seeks to resume and continue the hearings held on or about May 19, 1994 regarding the modification of his child support obligation.
The October 1, 1997 motion was argued before Magistrate Ronald M. Sullivan, who filed a written decision on February 27, 1998. "There is no reason why the undersigned should second-guess Magistrate Frankel. For the above reasons, the defendant's Motion for Hearing dated October 1, 1997 is denied."
Thereafter, the defendant timely appealed the decision pursuant to General Statutes § 46b-231 (n). The appeal was certified by defendant's counsel on April 11, 1998. CT Page 6646
The defendant filed two transcripts of the Magistrate proceedings, one of May 19, 1994 before Ronald M. Sullivan, Magistrate, and one of January 26, 1995 before Deborah A. Kochiss Frankel, Magistrate. The entire file, supporting memorandum on file, and said two transcripts were before Magistrate Sullivan and considered in the February 27, 1998 decision.
 DISCUSSION OF LAW
An appeal to the Superior Court from the Family Support Magistrate is governed by statute. General Statutes § 46b-231
(n). The defendant has complied with the filing requirements of the statute. The original of the entire record of the proceedings from which the appeal is taken are before the court. General Statutes § 46b-231 (n)(3). Neither party requested leave to present additional evidence. General Statutes § 46b-231
(n)(5). The transcripts of both court proceedings were filed with this court. General Statutes § 46b-231 (n)(4). The requirements of Practice Book §§ 479B and 1268, now (1998 Rev.) § 25-66 have been met. The defendant, being the subject of an order of support, is found to be "aggrieved by a final decision of a family support magistrate" and, thus, is entitled to appeal that decision to the Superior Court.
"The appeal shall be conducted by the Superior Court without a jury and shall be confined to the record and such additional evidence as the Superior Court has permitted to be introduced. The Superior Court, upon request, shall hear oral argument and receive written briefs." General Statutes § 46b-231 (n)(6). The defendant and his former wife appeared before this court on May 4, 1998 each represented by counsel. The State of Connecticut declined to appear. After oral argument, the appeal was submitted to this court.
The Family Magistrate's proceedings have been held to be constitutional. Perry v. Perry, 222 Conn. 799, 810. The power of a Superior Court in considering a Magistrate's appeal is limited by statute. General Statutes § 46b-231 (7).
 The Superior Court does not sit in a de novo review of the Magistrate's decision.
The Superior Court may affirm the decision of the family support magistrate or remand the case for further proceedings. CT Page 6647 The Superior Court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
General Statutes § 46b-231 (n)(7).
The first Supreme Court case involving the Family Support Magistrate's statute established the procedures and standards to be applied by the Superior Court.
 The correctness of a judgment of a court of general jurisdiction is presumed in the absence of evidence to the contrary. We do not presume error. The burden is on the appellant to prove harmful error. Brookfield v. Candlewood Shores Estates, Inc., 201 Conn. 1, 7, 513 A.2d 1218 (1986). In the absence of a motion for articulation; see Practice Book 4051; "it would be sheer speculation for this court to assume that the trial court applied the incorrect legal standard."n
 State v. Crumpton, 202 Conn. 224, 232, 520 A.2d 226 (1987). Since there was ample evidence from which the magistrate could have concluded that the substantial change she found in the circumstances of the parties was uncontemplated at the time of the dissolution decree, we presume that the trial court applied the correct legal standard and conclude that the defendant has not met his burden of proving harmful error.
DiBerardino v. DiBerardino, 213 Conn. 373, 385 (1990).
The Appellate Court has held that the scope of a Superior Court's review is very limited when dealing with administrative appeals under General Statutes § 4-183 (j), a statute that is identical to the Family Support Magistrate's appeal statute.Cabasquini v. Commissioner of Social Services,38 Conn. App. 522, 525-26, cert. denied, 235 Conn. 906 (1995).
 CONCLUSION
CT Page 6648
The motion for modification dated September 21, 1993 was assigned for hearing on January 26, 1995. The defendant failed to appear and failed to produce the income verification that he promised. He failed to return to court at any time thereafter to argue the September 21, 1993 motion. He took no appeal from the January 26, 1995 decision.
Any one of the following legal concepts justify the February 22, 1998 decision of the Magistrate:
 1) The failure to appear by a defendant at a continued hearing is sufficient grounds for the magistrate to reinstate the previous orders. Greene v. Bynum, 46 Conn. App. 1, 3 (1997)
 2) There is no Practice Book rule or statutory authorization for a Motion for Hearing. General Statutes § 52-414 (Rehearing authorized before entire arbitration panel); General Statutes § 52-425
(Rehearing authorized in a committee's action, See also Welles v. Harris, 31 Conn. 365, 370 (1863)); General Statutes § 52-451
(Rehearing permitted in certain jury cases); General Statutes § 52-549S (Court can order a rehearing before fact-finders); See also Practice Book § 516J, now (1998 Rev.) § 58(a). A Motion for Hearing is not a substitute for a Motion to Reargue. Practice Book § 204B, now (1998 Rev.) § 11-12.
 3) Practice Book § 1235, now (1998 Rev.) § 25-34 restricts the court's considerations of old motions: "Unless for good cause shown, no motion may be reclaimed after a period of three months from the date of filing." The Motion for Hearing is an attempt by the defendant to reclaim his 1993 Motion for Modification. This rule was in effect on February 27, 1998.
 4) The defendant did not appeal to the Superior Court from the January 26, 1995 decision. He had the obligation to file such an appeal within fourteen days thereof and by failing to do so, the orders of January 26, 1995 are final. General Statutes § 46b-231
(2).
 5) The decision of January 26, 1995 is res judicata. The Motion for Hearing was filed over two and half years after January 25, 1995. Delahunty v. Massachusetts Mutual Life Insurance Co., 236 Conn. 582, 589 (1996).
6) The defendant's motion cannot be granted by reason of collateral estoppel. Commissioner of Motor Vehicles v. DeMilo Co., CT Page 6649 233 Conn. 254, 267 (1995).
 7) A Motion for Hearing cannot be a substitute for a motion or petition for a new trial. Welles v. Harris, supra, 31 Conn. 370. General Statutes § 52-270; General Statutes § 52-582.
 8) In a hearing before fact-finders, if a party fails to appear, "the fact-finder shall nonetheless proceed with the hearing and shall write a finding of facts, as may be just and proper under the facts and circumstances of the action . . ." Practice Book § 546K, now (1998 Rev.) § 23-59 (a). The same rule applies to failure to appear before an arbitrator. Practice Book § 546R, now (1998 Rev.) 23-65 (a).
 9) The Motion for Hearing dated October 1, 1997 is in effect a substitution for a motion for modification. There cannot be any retroactive modification of support orders. "No order for periodic payment of permanent alimony and support may be subject to retroactive modification . . ." General Statutes § 46b-86 (a).
 10) The court does not have subject matter jurisdiction to open a judgment after four months. Practice Book § 377, now (1998 Rev.) § 17-43 (a); General Statutes §§ 52-212 and 52-212a.
 11) The transcript of January 26, 1995, Exhibit 2, clearly indicates that the defendant would be back in court in March of 1995. Still the defendant failed to show up and had the opportunity to correct that problem two months later and failed to do so. He waived his right to proceed on the September 21, 1993 Motion to Modify.
 12) The defendant is not entitled to relief under the doctrine of clean hands. Gest v. Gest, 117 Conn. 289, 296 (1933); Kramer v. Kramer, Superior Court, judicial district of Stamford/Norwalk, at Stamford, Docket No. 0066243 (September 5, 1996, Harrigan, J.), 17 CLR 526, 1996 Ct. Sup. 5503.
 13) The defendant's Motion for Hearing should have been denied by reason of laches. Kurzatkowski v. Kurzatkowski, 142 Conn. 680, 684 (1955).
 14) There must be finality to court proceedings. Perkins v. Perkins, 3 Conn. App. 322, 328 (1985)
Magistrate Sullivan found the arrears to be $137,000 in late 1997, and only when that finding was made did the defendant come CT Page 6650 into court and file the Motion for Hearing. The defendant is a "deadbeat dad" and cannot use this Motion for Hearing as a tool to correct his flagrant violation of his duties to his family and the state of Connecticut. His family has been on state assistance.
After review of the entire record and the criteria of General Statutes § 46b-231 (n)(7), the Superior Court hereby affirms the decision of Hon. Ronald M. Sullivan, Family Support Magistrate, dated February 22, 1998.
BY THE COURT
KEVIN TIERNEY, J.