## EMILY C. HART'S APPEAL FROM PROBATE.

### *First Judicial District.*

[Argued January 3d—decided February 8th, 1894.]

APPEAL by Emily C. Hart from a judgment of the Superior Court of Middlesex County, rendered on a verdict sustaining the will of Erastus Brainerd of Portland in said county, deceased. Upon the trial a certain account of the testator against the appellant amounting to $41,000, was introduced in evidence, and it was conceded that this account and the several items or sums which made it up, constituted a gift from the testator to the appellant. The appellant so testified, and no evidence to the contrary was offered.

After the jury had retired to consider the case, they returned and submitted to the court the following written question: "Are the jurors allowed to consider whether the account against Mrs. Hart (the appellant) is a part of Mr. Brainerd's assets?" The court (*Robinson, J.*), replied: "All I can say to you with reference to this inquiry is this: You have a right to consider the amount of the estate,—the whole estate of Mr. Brainerd for the purpose,—in connection with other facts, of determining the question of undue influence, and you have the right to consider this account with reference to the question of undue influence and unsoundness of mind; but whether it is an asset, or a part of the assets of Mr. Brainerd's estate, I don't think you have anything to do with that. I will not instruct you that you have anything more to do with it than what I have suggested."

*Charles E. Perkins* and *Washington F. Willcox*, for the appellant.

*Levi Warner* and *William T. Elmer*, for the appellees.

BY THE COURT: The question whether or not the account was an asset of the estate of Mr. Brainerd, was not a fact in issue under the pleadings; and the finding of the jury either way would not conclude any one.

It was, however, a relevant fact because it might possibly have a bearing on the questions that were in issue, and especially on the claim of undue influence. In this aspect of the case it was the duty of the jury to consider it, and the judge so instructed the jury. The instruction was adapted to the issues raised by the pleadings, and was sufficient for the guidance of the jury in the case before them.

There is no error. All concur. Opinion by *Andrews, C. J.,* filed with the clerk of the Superior Court, Middlesex County.