EMILY C. HART vs. FRANK BRAINERD, EXECUTOR, ET AL.

First Judicial District, Hartford, May Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, JS.

Upon the trial of an appeal from probate involving the validity of a will purporting to have been executed in the city of New York on the 20th day of August, 1887, the appellant (the present plaintiff) claimed that the signature was a forgery, and testified that her father, the alleged testator, was not in New York on that day, but at his home in Portland in this State, and that he then and there, and at her request, paid one of her servants her wages. Other testimony was also offered to show that the testator was not registered, either on the 20th of August, or about that date, at the hotel in New York where he always stopped when in that city. The jury returned a verdict sustaining the will, and subsequently this suit was brought for a new trial, on the ground of newly-discovered evidence. This evidence consisted solely of the testimony of two servants formerly in the plaintiff's employ, and accorded in substance with the plaintiff's testimony as given upon the former trial respecting the whereabouts of the testator on August 20th, and his payment of the wages. The defendants demurred to the complaint and the trial court sustained their demurrer. Held :—

1. That the additional evidence was merely cumulative.

2. That the facts alleged did not make it apparent that any injustice was done upon the former trial, or that the new evidence was sufficient to justify a different verdict; and therefore the defendants' demurrer on these grounds was properly sustained.

[Argued May 13th—decided June 5th, 1896.]

. PETITION for a new trial for newly-discovered evidence, brought to the Superior Court in Middlesex County and tried to the court, *Shumway, J.*, upon the respondents' demurrer to the petition ; the court sustained the demurrer and thereafter rendered judgment for the respondents, and the peti-

tioner appealed for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*William S. Case*, for the appellant (petitioner).

The sole question before the court now, is as to the sufficiency in law of the plaintiff's complaint. The evidence is " newly-discovered " within a proper construction of the law. *Waller* v. *Graves*, 20 Conn. 305. The form of complaint followed by the plaintiff is that prescribed by the Practice Act of this State (p. 240), and indorsed by this court. If the Practice Act form is to be taken as an established precedent, it would not seem to render necessary in the pleadings anything further than a formal allegation of " due diligence and inability to produce the testimony at the first trial."

The defendants claim in their demurrer that the evidence " is not sufficient to show that if a new trial were granted, a different result would be produced." The required rule of law is quite differently stated. The affidavits in support of the motion must show that a retrial " *would probably result in* " a different verdict. *Payne* v. *Reed*, 75 Cal. 277 ; 16 Amer. & Eng. Ency. of Law, 581 ; Graham & Waterman on New Trials, pp. 1043, 1044. The new evidence was not cumulative. *Wilcox Silver Plate Co.* v. *Barclay*, 48 Hun, 56 ; *Barker* v. *French*, 18 Vt. 160 ; *Waller* v. *Graves*, 20 Conn. 305 ; *Anderson* v. *State*, 43 id. 519 ; *Knowles* v. *Northrop*, 53 id. 360. If it appears that the new evidence may produce a new result, then it follows necessarily that the evidence is not " cumulative " in any sense offensive to the rule,—because it becomes apparent that the evidence has not been before the court *in its full and proper weight.*

*Charles E. Gross*, for the appellees (respondents).

The requisites of a legally sufficient petition for a new trial are clearly set forth in two of the decisions of this court. *Parsons* v. *Platt*, 37 Conn. 563 ; *Hamlin* v. *The State*, 48 id. 92–94. Assuming the payment to the servant to be a fact, Mrs. Hart knew before the former trial of the witnesses who

could swear to it and just what they could testify to. *Waller* v. *Graves*, 20 Conn. 309; *State* v. *Lamothe*, 37 La. An. 43. "Evidence is not newly-discovered which was known to the party, but not to the attorney." *Isaac* v. *People*, 118 Ill. 538; *Broat* v. *Moore*, 47 N. W. Rep. 55; *Thisler* v. *Miller*, 36 Pac. Rep. 1060. "To entitle a party to a new trial on the ground of after-discovered evidence, the court must be satis-. fied that the existence of such evidence came to the knowl-. edge of the party since the trial." *Taylor* v. *Lyon Lumber Co.*, 13 Pa. Co. Ct. 235; *Alliger* v. *Ass'n*, 65 Hun, 619; *Norwich & Wor. R. Co.* v. *Cahill*, 18 Conn. 493. The evidence must be material, and show that injustice was done on the former trial. He may have paid the servant, written letters to. New York, and then gone to New York in ample season to execute his will, as stated. *Norwich & Wor. R. Co.* v. *Cahill, supra; Lester* v. *State*, 11 Conn. 418; *Husted* v. *Mead*, 58 id. 64; *Parsons* v. *Platt, supra*. A new trial will never be granted if the newly-discovered evidence is merely cumulative. *Waller* v. *Graves, supra; Travelers Ins. Co.* v. *Savage*, 43 Conn. 192; *Anderson* v. *The State*, 43 id. 519; *Hamlin* v. *The State*, 48 id. 93; *Knowles* v. *Northrop*, 53 id. 362; *Husted* v. *Mead*, 58 id. 64.

TORRANCE, J.   This is a petition for a new trial on account of newly-discovered evidence, in the case of *Hart's Appeal from Probate*, reported in 63 Conn. 575. The petition alleges in substance, that in the trial of that case it was a material question whether Erastus Brainerd did in fact execute the instrument offered as his will, which purported to have been executed in New York City on the 20th of August, 1887, and whether he was in fact in New York City on the 18th, 19th and 20th days of August of that year; that the exhibits annexed to the petition contained substantially all the evidence offered in the case; that since said trial the plaintiff had discovered material evidence in her favor, which she failed and was unable to discover before or during the trial, "although she used all reasonable diligence in endeavoring to find testimony in her favor;" and that the verdict

and judgment against her in said case are unjust. The petition then sets out the newly-discovered evidence. That evidence consists solely of the testimony of two sisters, formerly servants in the family of the plaintiff, who, it is alleged, will testify in substance that they were in the service of the plaintiff and inmates of her house in 1887; that they spent the month of August of that year at the residence of Erastus Brainerd in Portland in this State, with the present plaintiff; that Mr. Brainerd was at his home in Portland all day of the 20th of August, 1887, and paid to one of the new witnesses her wages on that day about one o'clock in the afternoon, at the request of the present plaintiff; and had been continuously at home for some days immediately prior thereto.

The defendants demurred to the petition on several grounds, the substance of which may be stated as follows: The evidence is not newly-discovered; it could have been discovered before the former trial by the use of due diligence; it fails to make it clear that injustice was in fact done at the former trial; it is not alleged and does not appear that the testator "could not have been both in Portland and New York on one and the same day"; the evidence is merely cumulative in its character and might be met by other and opposite cumulative evidence on the part of the defendants; it is not sufficient to show that if a new trial were granted a different result would be produced. The Superior Court sustained the demurrer and rendered judgment for the defendants.

The record does not show whether the demurrer was sustained upon only some of the grounds, or upon all of them; but we are of opinion that it should be sustained on the ground that the facts alleged and set forth do not make it apparent either that any injustice was done upon the former trial, or that the new evidence is sufficient to turn the cause in favor of the plaintiff if a new trial were granted.

One of the claims made by the present plaintiff on the former trial was that the signature to the will was a forgery. Upon the issue raised by that claim both sides offered not

only the testimony of experts as to the handwriting, but also testimony as to the. whereabouts of the testator on the 20th of August, 1887.　Upon this latter point the present plaintiff testified in substance, that the testator, who was her father, was at his home in Portland on the 20th of August, 1887 ; that she requested him that day to pay one of her servants, and that he then and there did so in the diningroom in her presence ; and further that he returned home from Block Island on the 15th of August, 1887, and was in Portland until the latter part of September.　She also offered testimony showing that the testator always stopped at a certain hotel when he was in New York City, and that he was not registered as stopping there on, or about, August 20th, 1887.　Upon this particular point the other side offered the evidence of the three witnesses to the will, to the effect that the testator executed it in their presence in the city of New York on the 20th of August, 1887.

It thus appears that the newly-discovered evidence is to the very same fact and the same attending circumstances, testified to upon the former trial, and it is of the very same nature as that before offered in proof of that same fact.　It thus comes clearly within the definition of evidence merely cumulative.　*Waller* v. *Graves*, 20 Conn. 305.

But in addition to this, it by no means appears from the petition and the exhibits forming a part of it, that the new evidence would even probably be sufficient to turn the cause in favor of the plaintiff, and show that if a new trial were granted a different result would be produced ; or that its effect will certainly be to make a doubtful case clear ; or that any injustice was done on the former trial.　On the contrary, after a careful consideration of all the testimony set forth in the petition, we are of opinion that if a new trial should be granted it is very improbable that the newly-discovered evidence would produce a result different from that of the former trial.　Even if the jury should be convinced by it that the testator was in Portland on the 20th of August, 1887, it is very improbable that it would satisfy them that he did not execute the will in New York, if they determined the case

"solely upon the law and the evidence." We are therefore of opinion that the demurrer was properly sustained. *Norwich & Worcester R. R. Co.* v. *Cahill,* 18 Conn. 484, 493; *Waller* v. *Graves,* 20 id. 305, 310; *Parsons* v. *Platt,* 37 id. 563–565; *Husted* v. *Mead,* 58 id. 55, 64.

There is no error.

In this opinion the other judges concurred.