CAROLINE M. BUTTON *vs.* VELVENERY BUTTON, *Alias* VELVENERY MARTIN.

Third Judicial District, New Haven, June Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and RORABACK, Js.

A petition for a new trial in an action of slander, upon the ground of newly-discovered evidence, averred that by means thereof the petitioner would be able to prove the truth of certain of the alleged slanderous words, but made no reference to other words which were relied upon as slanderous by the plaintiff in the original action, and which, for aught that appeared, were, or at all events might have been, the very words upon which the jury based their general verdict for the plaintiff. *Held* that under these circumstances the alleged newly-discovered evidence was not sufficiently comprehensive to justify the granting of a new trial.

Argued June 11th—decided July 30th, 1907.

PETITION for a new trial in an action of slander, upon the ground of newly-discovered evidence, brought to and tried by the Superior Court in New Haven County, *Thayer*, *J.*, upon a demurrer to the complaint; the court sustained

the demurrer and rendered judgment for the defendant, from which the plaintiff appealed. *No error.*

*Charles S. Hamilton*, for the appellant (plaintiff).

*Edwin S. Thomas*, for the appellee (defendant).

HALL, J.   The complaint in this action alleges, in substance, that the present defendant brought an action of slander against this plaintiff, returnable to the Superior Court in January, 1905, in the first count of the complaint in which she alleged that this plaintiff had said of this defendant that she was "a common prostitute, a bitch, and a whore", and in the second count that she was "a bigamist, a thief, and an indecent woman"; that the only answer made to that action was a general denial; that upon the trial of the issue so raised a verdict and judgment was rendered for the plaintiff in that action in January, 1905, for $500 and costs; that since said trial the defendant in that action (the present plaintiff) has discovered new and important evidence "by which she can prove the truth of the matters which are set up as slanderous in said original complaint"; that the answer filed in said case was a mispleading, and that by an answer "setting up the truth of the matters contained in the original complaint, in addition to the answer which was originally filed, she has a complete defense to said case"; that she failed to discover said new evidence although she used reasonable diligence; and that said verdict and judgment are unjust.

The alleged newly-discovered evidence set forth in the complaint, consists of evidence that the defendant (plaintiff in the slander suit) married and lived with one Thomas Button, knowing that he had been previously married, and that his wife by said first marriage was still living, and that she and said Button had not been divorced.

The complaint asks that the former verdict and judgment be set aside; that a new trial be granted; that the plaintiff (defendant in the slander suit) be permitted to

change her plea and set up the truth of the claimed slanderous matter and be allowed to prove the same.

The trial court sustained the fourth ground of the defendant's demurrer to the complaint, which was, in substance, that the alleged newly-discovered evidence was not sufficient to justify the granting of a new trial.

This ruling, which is the only ground of appeal, was clearly correct. The complaint in the slander suit alleged not only that the defendant in that suit had said that the plaintiff was "a bigamist" and "an indecent woman," but that she had said that she was "a thief" and "a common prostitute." The defendant by her answer denied having uttered the slanderous words charged in the two counts of the complaint. The jury by a general verdict found this issue against her, and in favor of the then plaintiff. Whether their verdict was based upon a finding that the defendant in that case uttered all the slanderous words charged in the complaint, or only a part of them, and if only a part of them, what part of them, we are not informed. Certainly we cannot assume that the jury found that the only slanderous words uttered by the defendant in that suit were that the plaintiff was a bigamist, or that she was an indecent women. But these are the only alleged utterances the truth of which, it can be said, would be proved by the alleged newly-discovered evidence. Proof that the plaintiff in the slander suit had knowingly married a man who had another wife living would not prove that she was a thief or a common prostitute. It is apparent, therefore, that if the defendant in the slander suit should be permitted to change her answer and plead the truth of all the words which she is alleged to have uttered, that her plea of justification could not be sustained by the alleged newly-discovered evidence.

But it is argued that a new trial ought to be granted to enable the defendant in the slander suit to prove, under the new answer she desires to file, the truth of certain of her alleged utterances, and, under the denial already filed, to show that she did not utter the alleged words the truth

of which would not be proved by the newly-discovered evidence. But it does not appear that upon another trial the defendant in the slander suit could disprove the other alleged utterances any more successfully than she did at the first trial. It is not alleged that she has discovered any new evidence bearing upon that issue, nor is any ground whatever alleged for a retrial of the issue upon which the jury have rendered a verdict.

The complaint is insufficient because it fails to show that a different result would be produced if a new trial were granted. *Parsons* v. *Platt*, 37 Conn. 563.

There is no error.

In this opinion the other judges concurred.