JOHN S. PALMER ET AL. *vs.* HARRY V. WHIPPLE.

Third Judicial District, New Haven, June Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

A petition for a new trial upon the ground of newly-discovered evidence is addressed to the sound judicial discretion of the court, and may very properly be denied where such evidence is merely cumulative in its character and insufficient, in the opinion of the court, when read in connection with the testimony presented upon the trial, to show that any injustice was done by the judgment then rendered.

The amendment of a petition for a new trial, after a demurrer thereto has been sustained, is not a matter of right, but rests in the sound discretion of the trial court; and the proposed amendment may well be refused if its allowance would be of no avail to the petitioner.

Submitted on briefs June 14th—decided July 12th, 1910.

PETITION for a new trial upon the ground of newly-discovered evidence, brought to and tried by the Court of Common Pleas in New Haven County on demurrer to the complaint; the court, *Simpson, J.,* sustained the

demurrer, disallowed a proposed amendment of the complaint, and rendered judgment for the defendant, from which the plaintiffs appealed. *No error.*

*E. P. Arvine, Robert J. Woodruff* and *William B. Arvine,* for the appellants (plaintiffs).

*Benjamin Slade, Maxwell Slade* and *David H. Slade,* for the appellee (defendant).

PRENTICE, J. The alleged newly-discovered evidence recited in the petition consists of two book entries, tending to establish certain payments in issue, and the testimony of two witnesses. The entries were before the court upon the trial, and the payments claimed to be supported thereby were allowed. One of the witnesses testified at the trial upon the subject-matter to which the testimony which it is said that he would now give relates. The fact that what it is averred he will now testify to is not in accord with his testimony as given upon the trial, is not one calculated to lend weight to it as a factor in securing a new trial. His testimony is also cumulative. So is that which it is alleged that the remaining witness would give. This cumulative testimony is of such a character that the court might well say of it, when read in connection with the testimony presented upon the trial, that it was not sufficient to show that injustice was done. *Parsons* v. *Platt,* 37 Conn. 563, 564.

The petition was addressed to the discretion of the court. No abuse of that discretion appears. *Gannon* v. *State,* 75 Conn. 576, 578, 54 Atl. 199; *Selleck* v. *Head,* 77 Conn. 15, 17, 58 Atl. 224.

The court was acting within the limits of its discretion in refusing to permit the petitioners to amend their petition after the demurrer thereto had been sustained.

They are mistaken in assuming that they were entitled to amend as of right. Furthermore, the court was within its rights in refusing the proposed amendment, since it found, as it was justified in doing, that it would not make the petition a good one.

There is no error.

In this opinion the other judges concurred.