HERBERT L. MOELLER ET ALS., EXECUTORS AND
TRUSTEES, vs. COLDWELL S. JOHNSTON.

Third Judicial District, New Haven, June Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Unless the alleged newly-discovered evidence would be likely to change
  the verdict, a new trial ought not to be granted.
Whether a new trial should be granted or not is a matter within the

discretion of the trial court, and with a fair exercise of such discretion this court will not interfere.

If a petition for a new trial has been adjudged insufficient on demurrer, its amendment is a matter resting in the sound discretion of the trial court; and the proposed amendment may well be refused if its allowance would be of no avail to the petitioner.

Argued June 13th—decided July 27th, 1916.

PETITION for a new trial upon the alleged ground of newly-discovered evidence, brought to and tried by the Superior Court in New Haven County, *Reed, J.;* the court sustained a demurrer to the amended complaint, refused to allow a further amendment, and rendered judgment for the defendant, from which the plaintiffs appealed. *No error.*

*Henry Stoddard*, with whom was *William B. Arvine,* for the appellants (plaintiffs).

*Charles S. Hamilton,* for the appellee (defendant).

PER CURIAM. The original action was brought by the defendant, Johnston, in this case, against the executors of the estate of Constand A. Moeller. The first action was for a breach of contract and for the conversion of certain shares of stock in the Continental Automobile Company. The only issue tried in the former case was whether or not Johnston, the plaintiff therein, had been fully paid for certain shares of stock in the Continental Automobile Company, by the delivery of three automobiles by Constand A. Moeller in his lifetime.

The alleged newly-discovered evidence relates to the words, "I will not buy any stock," contained in a letter written to the defendant, Johnston, by Constand A. Moeller. This letter was in evidence in the trial, when the plaintiff, Johnston, testified that the words above

quoted referred to the stock in the Continental Automobile Company which he delivered to Mr. Moeller in a transaction relating to the delivery of these automobiles. The application for a new trial alleges that this newly-discovered evidence will be given by a Mrs. Rogers, the wife of one of the plaintiffs in the present case. It is averred that this witness will state that the words, "I will not buy any stock," referred to Dreisbach Foundry stock, and not to the Continental Automobile stock as Johnston, the defendant, had testified upon the trial of the former case. It is averred that this witness, Mrs. Rogers, obtained her information upon this subject from statements made to her by her father, Constand A. Moeller, now deceased.

The trial judge refused to grant a new trial upon the ground that the allegations of the petition were insufficient. After a careful examination of the alleged newly-discovered evidence, in connection with all of the testimony upon the first trial, we have reached the conclusion that if a new trial were granted the newly-discovered evidence would not change the result of the former trial. The defendant's testimony upon the former trial was, to a great extent, based upon the testimony of witnesses who testified as to the statements made about this transaction by Constand A. Moeller. From the verdict it is apparent that the jury gave but little weight to this class of testimony. It is to be noticed that this alleged newly-discovered evidence is of the same character relied upon by the defense in the former trial. This newly-discovered evidence appears to be indefinite and is of but little importance when read in connection with all the testimony in the former trial. Whether a new trial should be granted was a matter within the discretion of the trial court. With a fair exercise of its discretion this court will not interfere.

The amendment of the complaint which was offered

after the demurrer was sustained, if allowed, would not have made the application a good one. The refusal to allow such an amendment was also within the discretion of the trial court. *Palmer* v. *Whipple*, 83 Conn. 477–479, 76 Atl. 1002.

There is no error.