ABRAHAM J. APTER *vs.* PATRICK JORDAN.

First Judicial District, Hartford, October Term, 1919.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

Newly-discovered evidence which is merely cumulative, or which impeaches the reputation or credibility of a witness, will not ordinarily suffice for a new trial, and never unless it appears reasonably certain that injustice has been done in the judgment rendered, and that the result of a retrial would probably be different.

The alleged newly-discovered evidence in the present case reviewed, and because of its merely cumulative and impeaching tendency *held* insufficient to warrant the granting of a new trial.

Argued October 9th—decided December 22d, 1919.

PETITION for a new trial for newly-discovered evidence, brought to the Superior Court in Hartford County where a demurrer to the petition was sustained (*Haines, J.*) and judgment was rendered for the defendant, from which the plaintiff appealed. *No error.*

*John J. Dwyer,* for the appellant (plaintiff).

*Saul Berman* and *Charles Sudarsky,* for the appellee (defendant).

WHEELER, J. The original action was brought by the appellee, Jordan, against the appellant, Apter, to recover damages for personal injuries resulting to him from the negligent operation by Apter of his automobile. Jordan secured judgment, and on appeal to this court we found no error.

Shortly after the decision on the appeal, Apter brought a petition to the Superior Court alleging that since the trial of this cause he had discovered material evidence which he had failed, and was unable, to discover before or during the trial by the use of reasonable diligence.

He alleged that on that trial it became and was a material question whether Jordan was in the exercise of due care at the time he received his injuries, and also whether Apter was guilty of negligence causing them.

The newly-discovered evidence which Apter alleges he can produce, is the testimony of Dr. Curtin, who, while an interne at the Hartford Hospital, obtained a statement from Jordan, shortly after he was brought to the hospital, as to how his injuries were sustained; and the petition avers that Curtin will testify that Jordan stated to him "that he (Jordan) had boarded an electric street-car in the belief that it was a Windsor car, and that upon discovering it was not, he jumped

from the car; that an automobile, the driver of which thought he intended to remain on the car, came up behind the car just before he jumped off; that the driver was unable to stop; that he, Jordan, fell between the front wheels of the automobile and the automobile passed over him, but that the injuries he received were not from the wheels." The petition also alleged that Curtin was then in the United States Medical Corps service at Fort Oglethorpe, Georgia, but that his home address was unknown to Apter; and, further, that the judgment against him was unjust, and if he were allowed a new trial he had reason to believe that he would secure a verdict or judgment in his favor.

To this petition Jordan demurred, because: first, the alleged newly-discovered evidence could have been discovered and produced at the former trial; second, that the newly-discovered evidence would not make it probable that a different judgment would be rendered on a new trial; third, that the newly-discovered evidence was merely cumulative; and fourth, that the proposed evidence merely tended to impeach the character of Jordan's testimony. The demurrer was sustained and Apter took this appeal.

The granting of new trials for newly-discovered evidence will be allowed only where it is clear that the case does not run counter to our established rules. One of these is that the new evidence must be "sufficient to turn the cause in favor of the applicant." 1 Swift's Digest, 786; *Norwich & Worcester R. Co.* v. *Cahill*, 18 Conn. 484; *Parsons* v. *Platt*, 37 Conn. 563; *Moeller* v. *Johnston*, 91 Conn. 23, 25, 98 Atl. 295.

Another rule is that the new evidence must not be merely cumulative. "It thus appears that the newly-discovered evidence is to the very same fact and the same attending circumstances, testified to upon the former trial, and it is of the very same nature as that

before offered in proof of that fact. It thus comes clearly within the definition of evidence merely cumulative." *Hart* v. *Brainerd,* 68 Conn. 50, 54, 35 Atl. 776; *Selleck* v. *Head,* 77 Conn. 15, 18, 58 Atl. 224; *Allen* v. *Pearson,* 89 Conn. 401–405, 94 Atl. 277.

A third rule is that newly-discovered evidence impeaching the general reputation of a witness will not furnish a basis for granting a new trial. The presentation of statements made by a witness out of court, variant from his statements as a witness in court, is likewise an attack upon the credibility of the witness. "Testimony of this character is but another mode of impeaching a witness." *Husted* v. *Mead,* 58 Conn. 55, 63, 19 Atl. 233. "We will not say," said CHIEF JUSTICE PARK in this case (p. 64), "that new trials will never be granted for newly-discovered evidence of the character we have been considering; but we will say that it should not be done unless it appears reasonably certain that injustice has been done, and that the result of a new trial will probably be different." *Palmer* v. *Whipple,* 83 Conn. 477, 478, 76 Atl. 1002.

To determine whether the newly-discovered evidence is cumulative or impeaching, or whether its presence in the case would probably lead to a different result, let us compare it with the testimony given in the former trial upon the subject-matter of the newly-discovered evidence. Jordan, the plaintiff, testified upon the trial that the trolley-car stopped and he went to the car and asked the conductor if he was going to Windsor. Receiving a reply in the negative, he turned to go back and was immediately hit by defendant's automobile and knocked down. The plaintiff testified positively that he did not put his foot on the car or step upon the car. Clark, the conductor of the car, corroborated Jordan. For the defense Apter, the defendant, testified that Jordan came to the trolley-car

after it stopped, took hold of the handle bar and stepped upon the step to talk to the conductor of the car, that then the conductor gave the signal to go ahead, and that he, Apter, then released the brakes of his automobile and let it run down the grade, and Jordan jumped down in front of his automobile without warning. Filiau corroborated Apter. The newly-discovered evidence is that of Dr. Curtin, which we have already recited. This testimony is offered to corroborate the statement of Apter and Filiau by the statement of Jordan made out of court, and to contradict Jordan's testimony. It is thus cumulative testimony. It is more. It is an attack upon the credibility of Jordan, and this is, as CHIEF JUSTICE PARK said in *Husted* v. *Mead, supra,* "but another mode of impeaching a witness." Newly-discovered evidence which is merely cumulative, or which impeaches the reputation or credibility of a witness, will not suffice ordinarily to grant a new trial, and never unless it appears reasonably certain that injustice has been done in the judgment rendered, and that the result of a new trial will probably be different.

As the case stood before the court, Jordan and the conductor of the car were in substantial accord as to the facts surrounding the accident, and particularly as to the fact that Jordan did not board the car. Apter and Filiau were in substantial accord, and radically disagreed with Jordan and the conductor, and were especially emphatic that Jordan did board the car and that he was hit upon stepping off the car. We cannot say what effect the cross-examination of Dr. Curtin would have had upon his testimony, nor whether the trier would have credited Jordan's statement in court rather than the statement Dr. Curtin said he made. Jordan's statement was controverted and vigorously controverted on the trial, and yet the court accepted

his statement as true.   We have examined these statements in connection with the entire evidence presented at the trial, and we do not feel that we would be justified in holding that on a new trial with Dr. Curtin's testimony in the case the court would probably reach a different result.

The experience of our courts since *Husted* v. *Mead*, 58 Conn. 55, 19 Atl. 233, has confirmed the accuracy of its observation in that case (p. 61): "It can as truly be said that there has hardly ever been a case tried which involved an exciting personal controversy, in which persons could not afterwards have been found by diligent search, who would have testified to 'statements made out of court by some of the witnesses varying materially from their testimony in court. Such testimony is very unreliable and dangerous."

Oral statements of what a witness has said out of court are liable to have their credit impeached, because of the knowledge of how faulty human recollection is; because of the failure of the hearer to accurately understand and repeat the statement made; and because of the possibility of the statement being created or exaggerated through his, the hearer's, partiality, interest, or prejudice.

There is no error.

In this opinion the other judges concurred.