JOSEPH GONIRENKI *vs.* THE AMERICAN STEEL AND
WIRE COMPANY.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

Rulings of the trial court upon a demurrer and a motion to erase
will not be considered by this court upon appeal if they are not
recited in the judgment.

A compensation commissioner, under §5355 of the General Statutes,
has "the same power to open and modify an award as any court
of the State has to open and modify a judgment of such court,"
and his exercise of the power is equivalent to the action of a
court upon a motion for a new trial and is controlled by the
same principles except that it is not subject to the limitation,
applicable to the court, that the remedy must be denied if the
petitioner has not pursued it with reasonable diligence or if upon
the former hearing he made an inadvertent mistake of fact.

The courts are expressly empowered by §5850 of the General
Statutes to grant new trials for the causes specified therein and
for "other reasonable cause," which includes at least the large
field of fraud, accident or mistake. Whether, in equity, their
power extends to any other cause or causes, *quære.*

Newly-discovered evidence does not warrant the granting of a new
trial if due diligence would have disclosed it before the former
trial or, in the ordinary case, if it is merely cumulative; and it
must appear in the motion or petition that, if granted, the new
trial would probably produce a different result, or that a doubt-
ful case will certainly be made clear, or that an injustice was
done on the former trial.

(1)

Gonirenki *v.* American Steel & Wire Co.

A ruling upon a motion for a new trial involves an exercise of discretion which will not be disturbed by this court unless it is unreasonable.

When addressed to a court, a petition for a new trial on the ground of newly-discovered evidence must contain a statement or fair summary of the evidence at the former trial relating to the point in question; but when made before a compensation commissioner this is unnecessary, unless a considerable period of time has elapsed since the original award, or unless the commissioner is not the one who presided at the former hearing.

When the decision of a commissioner upon such a petition is made the subject of appeal to the Superior Court or this court, the record must set forth both the original and the newly-discovered evidence, or a summary of it, in so far as it relates to the questions involved.

Procedure before compensation commissioners is, and properly should be, simple, speedy and informal and does not involve a technical system of pleadings such as demurrers and motions to dismiss. Defects in matters of procedure which do not prejudice the rights of the parties are of no avail upon appeal.

Where, as in the present case, a commissioner grants a motion to dismiss a petition to open and modify an award on the ground of newly-discovered evidence, and thus summarily disposes of the matter without giving an opportunity for a hearing upon the merits, his action is prejudicial to the rights of the petitioner and, upon appeal, the case must be returned to him for a full determination of the questions raised by the petition.

If newly-discovered evidence is merely cumulative in character, that fact, of itself, may furnish an independent ground for denying a new trial; but if it appears reasonably certain that a different result would be produced, or that an injustice has been done, a new trial will be granted even though the evidence is cumulative. .

The rules governing new trials should be strictly adhered to in order that there may be an end of litigation.

Argued October 27th, 1926—decided April 11th, 1927.

APPEAL by the defendant from a ruling of the compensation commissioner for the third district denying its application to reopen and modify a finding and award in favor of the plaintiff, taken to the Superior Court in New Haven County where the defendant's demurrer to the plaintiff's plea in abatement was sustained (*Simpson, J.*) and the plaintiff's motion to

erase was denied and the case tried to the court, *Ells, J.;* judgment rendered sustaining the appeal and remanding the case to the commissioner for further proceedings, from which the plaintiff appealed. *No error.*

*Art'aur B. O'Keefe* and *Jeremiah D. Shea,* for the *appellant* (plaintiff).

*Philo C. Calhoun,* with whom was *John T. Curtis,* for the appellee (defendant).

WHEELER, C. J. The claimant appeals from the judgment of the Superior Court, and among the errors assigned are the rulings of the court sustaining a demurrer to a plea to the jurisdiction filed by him, and a motion to erase; the judgment from which the appeal is taken does not refer to this demurrer, or to the motion to erase, or to the rulings of the trial court thereon; although these rulings are made grounds of appeal, we could not in any event consider them in the absence of a recital of them in the judgment. No harm is done the respondent by this omission, since the judgment recites that the commissioner ruled that he had no power to open and modify the award for the reasons claimed in the motion to open and modify the award, and the claimed error in so ruling is the sole ground of the appeal from the commissioner to the Superior Court. Moreover, the parties were at issue as to this ruling, and the Superior Court, having heard the parties, sustained the appeal and remanded the cause to the commissioner with direction to rule and pass on the motion to open and modify the finding and award.

Reason of appeal five assigns as error the court's "holding and deciding that the commissioner had power as a matter of law to reopen and modify the

award for the reasons included in the respondent's motion." This ruling was not, as the respondent appears to conceive, a denial of the commissioner's power to open and modify the award for any cause, but a denial of his power to do so for the reasons appearing in this motion. The ruling can only be tested by determining the sufficiency of the reasons alleged in the motion, viz.:

"1. Subsequent to the hearing held in this matter the claimant's physical condition became such as to prove that his disability was not due to injury, but to arteriosclerosis.

"2. The claimant's leg has since been amputated and the pathological examination thereof furnishes further evidence, obviously unavailable at the time of the hearing, that a condition existed at and prior to the time of disability which caused the incapacity.

"3. Developments in the claimant's condition since the hearing, and medical testimony taking such developments into account will, the respondent respectfully submits, induce the commissioner to modify his award of compensation to the claimant.

"4. Practically all the medical testimony at the hearing was premised upon an assumption that the claimant did not have arteriosclerosis. That he, in fact, did suffer from this is now established because of his subsequent condition, and that this caused his incapacity will be proven by competent medical testimony."

Under General Statutes, § 5355, the commissioner has power to modify an award at any time whenever it shall appear to him "(a) That the incapacity of the injured employee has increased, decreased or ceased, or that the measure of dependence, on account of which the compensation is paid, has changed. . . . (b) That changed conditions of fact have arisen which

necessitate a change of such agreement or award in order properly to carry out the spirit of the Compensation Act. . . . (c) The Commissioner shall also have the same power to open and modify an award as any court of the State has to open and modify a judgment of such court." *Grabowski* v. *Miskell,* 97 Conn. 76, 83, 115 Atl. 691.

It is clear that claimant's motion to reopen this award does not fall under remedies (a) and (b), and must fall, if at all, under remedy (c). The changed conditions of fact under remedy (b) "refer to conditions which are different from those existent when the . . . award was made." *Grabowski* v. *Miskell, supra,* p. 83. Remedy (c) we have interpreted "as giving to the commissioner the same power to open and modify his award as our court of equity has to open and modify its judgment, without the limitation governing its exercise of this power, that in the given case it must appear that the private suitor could not in the exercise of reasonable diligence have theretofore sought the remedy he now seeks." *Grabowski* v. *Miskell, supra,* pp. 83, 84. Since the commissioner has under this remedy the power of a court of equity, we inquire as to that court's power. Its power to grant new trials is for all the causes specified in General Statutes, §5850, and under the clause "other reasonable cause" of that section is included every other cause for which a court of equity could grant a new trial, which includes at least the large field of mistake, accident and fraud. Whether a court of equity may grant a new trial for a cause or causes other than these, we are not called upon to determine. The only cause involved in this appeal is that for "the discovery of new evidence."

Our court has placed certain limitations upon the exercise of this power. The evidence must be newly-

discovered and not have been discoverable "before the former trial by the use of due diligence." It must not be merely cumulative, but it must appear in the petition or motion, "that the new evidence would even probably be sufficient to turn the cause in favor of the plaintiff, and show that if a new trial were granted a different result would be produced; or that its effect will certainly be to make a doubtful case clear; or that any injustice was done on the former trial." *Hart v. Brainerd,* 68 Conn. 50, 54, 35 Atl. 776.

The allegations of the motion—that there is evidence of the subsequent condition of the claimant, of the pathological examination of the amputated leg, and of the medical opinion based upon these facts—admit of no reasonable inference other than that these allegations were newly-discovered and could not have been discoverable before the hearing upon the award by the use of due diligence. The correctness of the ruling of the trial court must therefore depend upon the exercise of this power.

The commissioner found in his award that the claimant was struck on the left arm, shoulder and breast by a coil of wire weighing two hundred pounds, causing an area of consolidation of the left lung, which cleared up within a few days, but the injury caused an embolism, which in turn caused an infarct in the left lung. As a consequence a portion of the blood clot was carried to his brain, causing a thrombus, which produced within a few days of the injury the gradual onset of a partial paralysis of the left side, for which compensation was awarded. The motion alleges that practically all the medical testimony at the hearing was premised upon an assumption that the claimant did not have arteriosclerosis. The respondent's claim is that the newly-discovered evidence will be such as to induce the commissioner to modify or

reverse his award. The granting of, or refusal to grant, a new trial by a court under our rule is within the reasonable exercise of its discretion, and its exercise will not ·be overturned unless that discretion has been abused, that is, has been unreasonably exercised. *Widman* v. *Kearns,* 96 Conn. 254, 259, 114 Atl. 77; *Moeller* v. *Johnson,* 91 Conn. 23, 25, 98 Atl. 295; *Selleck* v. *Head,* 77 Conn. 15, 17, 58 Atl. 224; *Palmer* v. *Whipple,* 83 Conn. 477, 478; note to *Smith* v. *Rucker,* 30 L. R. A. (N. S.) 1030 (95 Ark. 517, 129 S. W. 1079).

The determination of this motion by the commissioner is, as we have said, the equivalent of a motion for a new trial to the court and governed by substantially the same principles as the motion or petition to open a judgment of the court and grant a new trial. If this motion were properly before the commissioner, the question for decision would be: Did the commissioner unreasonably exercise the discretion vested in him in holding that he was without power to reopen and modify the award for the reasons stated in the respondent's motion? If this motion had been made to a court, a procedural obstacle would have prevented its determination upon the merits. In a petition for a new trial to a court, or a motion to open an award of the commissioner, neither court nor commissioner has the opportunity to discover whether the newly-discovered evidence would change the result or prove that injustice has been done, unless it has before it the statement of, or a fair summary of, the evidence relating to the point in controversy produced at the hearing before the court or commissioner, together with a like statement or summary of the newly-discovered evidence. The incorporation in, or annexation to, the petition or motion when made to the court of such statement or summary is an indispen-

sable part of the petition or motion. *Hall* v. *Tice,* 86 Conn. 684, 690, 86 Atl. 560; *Button* v. *Button,* 80 Conn. 157, 159, 67 Atl. 478; *Hart* .v. *Brainerd,* 68 Conn. 50, 54, 35 Atl. 776. No court would have power to open and modify a judgment of a court of this State upon the allegations of this motion. The commissioner's power to open and modify an award is controlled and limited by the same principles as is a court of the State, save only that he may act at the instance of a private suitor who has in the former hearing through inadvertence made a mistake of fact. *Hayden* v. *Wallace & Sons Mfg. Co.,* 100 Conn. 180, 188, 123 Atl. 9.

But the procedure before the commissioner is not so formal and unvarying. In view of the informal nature of proceedings before a compensation commissioner, and the further fact that the evidence taken at the original hearing is on file in his office and will, as a rule, have been recently heard by him, there would seem to be no reason for a procedure before the commissioner requiring that the motion to open the award should set forth the evidence or a summary of it taken at the former hearing relative to the subject-matter of the motion, although a statement or summary of the newly-discovered evidence, either written or oral, will be necessary. If a considerable time has intervened since the former hearing, or the motion or petition shall be heard by a commissioner other than the commissioner who heard the evidence taken at the original hearing, the better practice would require that a copy of such evidence or a summary of it relative to the subject-matter of the motion or petition should be made a part of it.

In *Saddlemire* v. *American Bridge Co.,* 94 Conn. 618, 625, 110 Atl. 63, we say concerning procedure before a commissioner: "Matters of procedure in com-

pensation cases which do not affect prejudicially the rights of parties, will not avail upon appeal. Unless such rights be thus affected, the form of procedure before the compensation commissioner is exclusively for his determination." It is only when the rights of parties are prejudicially affected that we will consider on appeal matters of procedure before the commissioner. In this case the commissioner has granted a motion to dismiss this motion or petition. The respondent has not had its day in court. Any disposition of a motion of this character without giving the mover or petitioner an opportunity to be heard on the merits will, on appeal, be regarded as procedure prejudicial to the rights of the mover or petitioner and require that the appeal be sustained and the motion or petition returned to the commissioner for a hearing on the merits. While the procedure before the commissioners is exclusively for their determination, we do not understand that they have ever adopted a procedure requiring pleadings as in our courts, or that demurrers, motions to dismiss, and like pleadings, are any part of the established procedure before them. The administrative character of their office, the necessary informality of proceedings before them, and the numbers of litigants who come before them wholly unacquainted with legal procedure, make it especially desirable for the proper and speedy dispatch of the business of their office that their proceedings be not complicated and delayed by a system of pleading, comprising such pleadings as demurrers and motions to dismiss. Upon appeal the Superior Court and this court would be obliged to disregard these and the decisions rendered under them by the commissioners where the rights of parties had been prejudiced by them. Upon appeal from the decision of the commissioners upon such motion or petition, the commis-

sioner must make as a part of the appeal record such of the evidence taken at the former hearing relative to the subject-matter of the motion or petition, or a summary of it, as well as of the newly-discovered evidence as found by him relative to such motion or petition. Otherwise the court has no means of ascertaining whether the newly-discovered evidence would change the result and show that injustice had been done, and thus make it clear that the commissioner had abused his discretion in denying the motion or petition.

The grounds of this motion upon which the respondent claims that the result of a new trial will probably be different, are based upon the development in the claimant's condition since the former hearing, together with medical testimony predicated thereon. It would be necessary that both the newly-discovered evidence, and that given upon the former hearing relative to this matter, be before us before we could determine whether the commissioner unreasonably exercised his discretion, in failing to hold that the newly-discovered evidence would produce a different result, and in failing, for that reason, to grant the respondent's motion. The respondent was entitled, upon its motion, to have that precise question determined by the commissioner, and reviewed on appeal if it so desired. The commissioner was in error in sustaining the motion to dismiss.

Since the motion to open the award will now be heard by the commissioner upon the merits, we deem it advisable to consider the principles underlying the second limitation upon his power to open an award and grant a new trial, viz.: that the newly-discovered evidence must not be cumulative. This is a rule of almost universal acceptance in the courts of the country. We defined and explained cumulative evidence,

in *Waller* v. *Graves,* 20 Conn. 305, 310, to be: "By cumulative evidence is meant additional evidence of the same general character, to the same fact or point which was the subject of proof before. . . . There are often various distinct and independent facts going to establish the same ground, on the same issue. Evidence is cumulative which merely multiplies witnesses to any one or more of these facts before investigated, or only adds other circumstances of the same general character. But that evidence which brings to light some new and independent truth of a different character, although it tend to prove the same proposition or ground of claim before insisted on, is not cumulative within the true meaning of the rule on this subject." See also *Widman* v. *Kearns,* 96 Conn. 254, 258, 114 Atl. 77; *Hart* v. *Brainerd,* 68 Conn. 50, 35 Atl. 776. The newly-discovered evidence upon the allegations of this motion may be cumulative within the rule established by our decisions, and that generally prevailing elsewhere. Yet while cumulative under our rule, if certain results will follow from the newly-discovered evidence, a new trial may be granted notwithstanding the fact that the evidence is cumulative. "Newly-discovered evidence which is merely cumulative . . . will not suffice ordinarily to grant a new trial, and never unless it appears reasonably certain that injustice has been done in the judgment rendered, and that the result of a new trial will probably be different." *Apter* v. *Jordan,* 94 Conn. 139, 143, 108 Atl. 548; *Husted* v. *Mead,* 58 Conn. 55, 64, 19 Atl. 233; *Hart* v. *Brainerd, supra,* p. 54.

In *Palmer* v. *Whipple,* 83 Conn. 477, 478, 76 Atl. 1002, we say: "This cumulative testimony is of such a character that the court might well say of it, when read in connection with the testimony presented upon the trial, that it was not sufficient to show that injustice was done." See also *Parsons* v. *Platt,* 37 Conn.

563, 564; *Andersen* v. *State*, 43 Conn. 514, 519. It is said that the cumulative evidence rule is a mere corollary of the general rule against evidence which is not likely to produce a different result, and not an independent principle. Note to *Vickers* v. *Carey Co.*, L. R. A. 1916C, 1190 *et seq.* (49 Okl. 231, 151 Pac. 1023). We have at all times treated this rule, as well as the impeaching evidence rule, as independent grounds for denying a new trial for newly-discovered evidence. In result, we reach practically the same conclusion as the learned author of this note. We will grant a new trial when it appears reasonably certain that an injustice has been done, and that the result of the new trial will probably be different although the evidence supporting the new trial be cumulative. The physical or mental condition of a litigant as testified to by medical experts at one time cannot, after the case has gone in judgment or award, be again litigated in a motion or petition for a new trial where the same subject-matter was before the court or commissioner and determined in the judgment or award rendered, unless the newly-discovered evidence clearly establish the fact that an injustice has been done and that upon the new trial a different result will probably be reached. In the consideration of every petition or motion for a new trial, a first place should be given by trial judges and commissioners to this general rule: "There must be an end of litigation, and for that reason the rules governing new trials should be strictly adhered to." *Widman* v. *Kearns*, 96 Conn. 254, 264, 114 Atl. 77.

There is no error.

In this opinion the other judges concurred.