HERMAN LEVINE *v.* THE UNION AND NEW HAVEN TRUST COMPANY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued December 5, 1940—decided January 10, 1941.

*William L. Hadden,* with whom was *Herman Levine,* and, on the brief, *Clarence A. Hadden,* for the appellant (plaintiff).

*Samuel H. Platcow,* with whom was *William J. Carrig,* for the appellee (defendant).

AVERY, J.   The plaintiff brought this action seeking to recover damages for injuries received in a fall from a fire escape, claiming that a tread on the fire escape gave way as he was ascending, whereby he was caused to fall.   The plaintiff claimed that the defendant, the owner of the building, was negligent, in that it knew, or, by the use of reasonable care in inspecting and supervising the stairway on the fire escape, ought to have known, that it had been in a defective condition for some time, but permitted it to remain in that condition.   The case was tried to the court and judgment entered for the defendant from which the plaintiff has appealed.   The essential facts found by the

trial court are these: The defendant was the owner, in possession, of a four-story building on Crown Street in New Haven, containing twelve apartments. In the rear of the building, there was a steel fire escape extending from the ground to the top floor, constructed with a hand rail on the right side, solid steel treads, no risers, and the treads were attached to angle irons, held tightly flush to steel stringers on each side with bolts one-quarter inch in thickness. The defendant had constructive knowledge that tradesmen used the fire escape for deliveries to the apartments in the building. On July 29, 1939, at about noon, the plaintiff commenced to ascend the fire escape with a bundle of about twenty pounds in weight. While ascending, the sixth tread from the bottom collapsed, as a result of which the plaintiff fell and suffered injuries. After the plaintiff's fall, an examination disclosed that the bolts which attached the treads to the stringers were sheared off. Had the bolts supporting the sixth tread been in good condition, they would have been capable of supporting one thousand pounds per bolt. The plaintiff, previous to his injuries, had passed over the fire escape twice each week for about two years, and passed over it only two days before his fall. At that time, it was apparently in good condition. The fire escape was at least twenty years old and was exposed to the elements. It was repaired and painted by the defendant in 1935. In 1937, the defendant caused it to be scraped down with a steel brush, red lead applied, and painted with black asphalt paint for the purpose of sealing the connected parts and preventing corrosion. The defendant's agents made no inspection of the fire escape other than walking up and down it twice a week and did not inspect the bolts supporting the treads.

The trial court reached the conclusion that the

plaintiff had failed to establish the material allegations of the complaint by a fair preponderance of the evidence. At the trial of this case, the presentation of testimony was concluded on March 5, 1940, and on March 9, 1940, the plaintiff filed a motion for permission to reopen the hearing, which was granted by the court, and pursuant thereto the plaintiff offered additional evidence. On April 1, 1940, the trial court rendered judgment in favor of the defendant. Thereafter, the plaintiff's counsel appeared before and informed the trial judge that he intended to file a motion for a new trial on the ground of newly discovered evidence. On April 6, 1940, such a motion was filed, accompanied by an affidavit of a proposed witness and an affidavit of counsel purporting to explain why the witness was not produced at the trial. The court, after hearing the parties, denied the motion.

On this appeal, the plaintiff makes two claims: (1) That the trial court was in error in its conclusion that the defendant was not negligent; and (2) in denying the plaintiff's motion for a new trial on the ground of newly discovered evidence. The fundamental claim of the plaintiff is that the fire escape being in the control of the defendant, the injury would not have occurred unless the defendant had been negligent in some respect. In substance, his claim is that under the doctrine of res ipsa loquitur the fact that the tread gave way established the negligence of the defendant. The doctrine has no evidential force, does not shift the burden of proof, does not give rise to a presumption or compel the trier to draw an inference of negligence. *Motiejaitis* v. *Johnson,* 117 Conn. 631, 635, 169 Atl. 606; *Bagre* v. *Daggett Chocolate Co.,* 126 Conn. 659, 663, 13 Atl. (2d) 757. "The doctrine having taken the case past a nonsuit, if the jury finds the conditions upon which its application depends to

be present, and no further relevant facts are proven, they may draw from them an inference of negligence if they deem it reasonable, but are not compelled to do so. If other relevant facts are proven, those facts are to be considered along with those which furnish the basis . . . of the doctrine, and the issue of negligence is then to be determined upon the whole case as so made." *Ryan* v. *Lilley Co.*, 121 Conn. 26, 30, 183 Atl. 2; *Fallo* v. *New York, N. H. & H. R. Co.*, 123 Conn. 81, 86, 192 Atl. 712. It was for the trial court in this case, taking into consideration the evidence as to the breaking of the bolts which held the tread in position and the amount of inspection and care which the defendant had given to the fire escape, to determine from all the facts and circumstances whether or not the negligence of the defendant had been established by the plaintiff. While the trial court might have inferred that the defendant was negligent, if it found that the bolts sustaining the treads gave way, it was not obliged to do so.

Judgment was rendered in this case on April 1, 1940. The motion for a new trial was filed April 6, 1940, and claimed by the plaintiff for the short calendar. When it came up on the calendar, it was referred to the judge who had originally tried the case. The evidence of the proposed witness tended to show that of the four bolts supporting the tread and passing through the stringers one bolt upon each side had rusted entirely off within the stringer where it passed through, leaving the head in place, and the other bolt on each side had rusted partly off and broken. This testimony was to the same effect as was other testimony already in the case that the cause of the falling of the tread was the breaking of the bolts fastening it to the stringers. The proposed new evidence was cumulative. "Newly discovered evidence which is

merely cumulative . . . will not suffice ordinarily to grant a new trial, and never unless it appears reasonably certain that injustice has been done in the judgment rendered, and that the result of a new trial will probably be different." *Apter* v. *Jordan,* 94 Conn. 139, 143, 108 Atl. 548; *Crook* v. *Clarke,* 124 Conn. 317, 319, 199 Atl. 428. "By cumulative evidence is meant additional evidence of the same general character, to the same fact or point which was the subject of proof before." *Waller* v. *Graves,* 20 Conn. 305, 310; *Hart* v. *Brainerd,* 68 Conn. 50, 54, 35 Atl. 776. An application for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial court; *Gannon* v. *State,* 75 Conn. 576, 578, 54 Atl. 199; *Gonirenki* v. *American Steel & Wire Co.,* 106 Conn. 1, 7, 137 Atl. 26; and upon such an application the court compares the old testimony with the new and decides, in the exercise of a sound discretion, whether injustice has probably been done, and whether the newly discovered evidence is likely to change the result. *Kliarsky* v. *Eastern Greyhound Lines, Inc.,* 116 Conn. 649, 652, 166 Atl. 65. The essential issue in the case was not the condition of the bolts, which was clearly defective, but whether the defendant, in the exercise of reasonable care, should have discovered and remedied the defect before the plaintiff was injured. We cannot say in this case that the discretion of the trial court was abused.

There is no error.

In this opinion the other judges concurred.