ZOLTAN PRADLIK
*vs.*
STATE OF CONNECTICUT

Superior Court        Fairfield County        File No. 66594

MEMORANDUM FILED JANUARY 6, 1944.

*Joseph L. Shulman*, of Hartford, for the Plaintiff.

*Lorin W. Willis*, of Bridgeport, for State of Connecticut.

SHEA, J. The petitioner was convicted of the crime of robbery with violence on three counts on April 23, 1940, and was sentenced to be confined at the State Prison at Wethersfield for a term of not less than 15 and not more than 30 years. He now seeks a new trial upon the ground of newly-discovered evidence.

At the original trial one Thomas Howard, an accomplice, testified against the petitioner as a witness for the State. After the trial was concluded Howard was also sentenced to serve time at the State Prison at Wethersfield and soon after his arrival there he began to tell various persons that he had testified falsely at the Pradlik trial.

Upon his admission to the State Prison Howard was examined by Dr. Priddy, the prison physician, and at that time Howard told the doctor, in effect, that he had testified falsely against Pradlik. Thereafter, from time to time, Howard made similar statements to various people at the prison and in October, 1941, in a conversation with Genevieve Cowles he told her that he had taken the gun from Pradlik's room on the night of the holdups, without Pradlik's knowledge and that Pradlik did not know that Howard was involved in these stick-ups. In this same interview with Miss Cowles, Howard said he lied on the witness stand and that he would be willing to admit his perjury if he did not receive too large a sentence for it. Later Miss Cowles saw Howard again at the State Prison Farm in Enfield and she requested Howard to make a written statement concerning his perjury at the Pradlik trial. Howard refused to make such a statement. In talking with Gilbert Mead, Jr., one of the prisoners confined at the State Prison, Howard discussed his testimony at the Pradlik trial in detail. Mead testified that Howard sensed hostility on the part of the other prisoners and that he would like to help Zoltan out. It was apparent from the testimony of the plaintiff's witnesses at this hearing that some of the prisoners at the State Prison held Howard in contempt and it becomes important to decide whether or not these statements which were made by him to these various people were made because he wanted to improve his situation temporarily around the prison or because he wanted to clear his conscience and correct an injustice.

After Howard's release from prison, he appeared at the

office of the State's Attorney in Fairfield County and there, in the presence of several people, on May 6, 1943, Howard stated that he had told the truth at the time of the trial of Zoltan Pradlik. He also said at that time that Miss Cowles had tried to obtain from him a written statement exonerating Pradlik from any wrongdoing in the robberies, but he refused to sign any such statement.

As a general rule a new trial will not be ordered upon proof of a witness's statement tending to show that his testimony was perjured. As the rule is laid down by a number of courts, conviction of the perjurer is necessary. *Larrison vs. United States*, 24 Fed. (2d) 82; *Anno*. 33 A.L.R. 550. A new trial will not be ordered where it appears that, eliminating the disputed testimony, there remains sufficient evidence to sustain the verdict. Where the party could have shown the perjured character of the testimony at the time of trial, a new trial has generally been denied, the ground of decision being that there must be an end of litigation. *Anno* 51 L.R.A. (N.S.) 288, 291; 39 Am. Jur. New Trial §169.

Upon a petition such as this the plaintiff must assume the burden of proving that the newly-discovered evidence, if offered, would probably bring about a different result. *Widman vs. Kearns*, 96 Conn. 254; *Link vs. State*, 114 id. 102, 107; *State vs. Goldberger*, 118 id. 444. Unless the alleged newly-discovered evidence would be likely to change the verdict a new trial ought not to be granted. *Moeller vs. Johnston*, 91 Conn. 23. It must be shown that substantial justice was not done or may not have been done and it must appear that the result would be changed by a new trial. *Dudley vs. Hull*, 105 Conn. 710.

In order to warrant the granting of a new trial on the ground of newly-discovered evidence it must appear that the evidence is new; that it was not known to the party till after the trial. 20 *R.C.L.* New Trial §§72, 73. The fact that a witness alleges that he committed perjury upon the trial of a cause and will swear to a different state of facts if another trial be granted is not ground for a new trial. *Keeley vs. Great Northern Ry. Co.*, 139 Wis. 448, 121 N.W. 167. The fact that a witness made statements inconsistent with those made on the trial was not sufficient to grant a new trial. *Shields vs. State*, 45 Conn. 266. Recantation on the part of a witness is not of itself sufficient to entitle the accused to a

new trial.  *People vs. Shilitano,* 218 N.Y. 161, 112 N.E. 733.

The evidence in this case clearly established that Howard told several people after his admission to the State Prison that he had testified falsely in the Pradlik case. However, *it is* significant that he refused to reduce this statement to writing. After his release from prison he again told the authorities that he had testified to the truth at the trial. In addition to these facts, a review of all the testimony given at the original trial discloses that the petitioner, through his counsel, subjected Howard to a searching cross-examination upon the very points and issues which were raised in this hearing for a new trial. Inconsistent statements made by Howard prior to his cross-examination were shown in evidence and the jury had an opportunity to judge for itself as to the credibility which should be given to Howard's testimony. Other evidence introduced in that case, substantial in character and supported by a number of witnesses, was considered by the jury which returned the verdict.

The trial has disclosed many other incriminating facts and circumstances so far as Pradlik is concerned. I shall make no further attempt to marshal these facts. They were considered and analyzed by the jury which found him guilty.

The petition for a new trial is denied.