DONALD LATHAM *v.* JIM AND JOE GENERAL CONTRACTORS ET AL. (6048)

DUPONT, C. J., DALY and NORCOTT, Js.

Argued April 12—decision released September 13, 1988

*Richard S. Bartlett,* for the appellant (defendant).

*Lewis C. Maruzo,* with whom, on the brief, was *William N. Sebastian,* for the appellee (plaintiff).

DALY, J. This is an appeal from a decision of the workers' compensation review division denying the claim for reimbursement filed by the defendant Middlesex Insurance Company (Middlesex), the insurance carrier of the defendant employer. The workers' compensation commissioner for the second district had dismissed the claim on the basis of lack of jurisdiction, whereas the compensation review division determined there was jurisdiction and denied the claim on the merits.

Middlesex has appealed claiming that the review division erred (1) in considering the matter on the merits when the commissioner did not reach the merits of Middlesex's claim, and (2) in ruling that Middlesex was not entitled to a credit for the money that the plaintiff had received from the third party tortfeasor's liability carrier. Since we find error in the first issue, we do not examine the remaining issue.

The following facts are not in dispute. On December 24, 1980, the plaintiff, an employee of Jim and Joe General Contractors, was involved in a motor vehicle accident. The accident, which was caused by the negligence of a third party, resulted in knee injuries to the plaintiff. Middlesex agreed to pay the plaintiff's workers' compensation benefits.

On or about October 27, 1981, Middlesex became aware that the plaintiff's attorney was in contact with the insurance carrier for the third party tortfeasor. Correspondence was exchanged between the plaintiff's counsel and Middlesex which indicated a willingness to reimburse Middlesex for workers' compensation benefits from any settlement with the third party tortfeasor's liability carrier. The plaintiff subsequently received $25,000 from the third party tortfeasor without executing any formal release.

Middlesex sought relief from the workers' compensation commissioner. The commissioner dismissed the claim on the theory that General Statutes § 31-293[1] applied to the facts of the case and that he, therefore, lacked jurisdiction to grant the relief requested because no civil action was instituted against the third party tortfeasor and there was no compromise or settlement approved by the commissioner.[2] Pursuant to General Statutes § 31-301, Middlesex appealed to the compensation review division which determined that the commissioner had the requisite jurisdiction. The compensation review division then addressed the merits of Middlesex's claim, determining that Middlesex was not entitled to a credit for money the plaintiff had received, and, therefore, that the relief sought should not be granted. This appeal ensued.

Although the compensation review division was correct in determining that the commissioner possessed the requisite jurisdiction to entertain the claim,[3] it was

---

[1] General Statutes § 31-293 provides in pertinent part: "LIABILITY OF THIRD PERSONS TO EMPLOYER AND EMPLOYEE. LIMITATIONS ON LIABILITY OF ARCHITECTS AND ENGINEERS. (a) When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee."

[2] The workers' compensation commissioner indicated that while there was an inequity to Middlesex's detriment, he lacked the necessary administrative legal, and equitable powers to remedy it.

[3] We note that the plaintiff does not argue, by way of an alternate ground in support of the decision of the compensation review division, that the compensation review division improperly determined that the commissioner had jurisdiction over Middlesex's claim. We are satisfied that the compensation review division properly determined that the commissioner had juris-

incorrect in deciding the case on the merits. The appellate powers of the compensation review division are defined by § 31-301-8 of the Regulations of Connecticut State Agencies issued pursuant to § 31-301, which regulation provides in pertinent part: "[F]or the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusion reached. . . . Its power in the corrections of the finding of the commissioner is analogous to, and its method of correcting the finding similar to the power and method of the Supreme Court in correcting the findings of the trial court."

This makes it abundantly clear that review by the compensation review division is limited to (1) whether the finding should be corrected, and (2) whether there was evidence to support in law the conclusion reached by the commissioner below. Moreover, the compensation review division must follow certain procedural guidelines consistent with any tribunal conducting an appellate compensation review. That is, the compensation review division must confine the scope of review to matters in the record and specifically assigned questions that were raised before the commissioner, and were ruled upon. See, e.g., *New Haven* v. *Public Utilities Commission,* 165 Conn. 687, 727, 345 A.2d 563 (1974); *Krulikowski* v. *Polycast Corporation,* 153 Conn. 661, 667–68, 220 A.2d 444 (1966).

In this case, the commissioner did not rule upon the merits of the case. The commissioner ruled that he "lacked the legal or equitable powers to enforce the remedies," and that the appropriate remedy "would appear to be . . . available at law and equity before

diction over the claim. General Statutes § 31-278 provides that the commissioner has "all powers necessary to enable him to perform the duties imposed upon him by the provisions of the chapter." Furthermore, it is well settled that the commission possesses power similar to a court of equity. *Gonirenki* v. *American Steel & Wire Co.,* 106 Conn. 1, 5, 137 A. 26 (1927).

the Superior Court." Since the commissioner ruled only on the jurisdictional issue, the review division was limited to that issue and erred in ruling beyond it.

There is error, the finding and award are set aside and the case is remanded to the compensation review division with direction to remand the matter to the commissioner to proceed in a manner consistent with this opinion.

In this opinion the other judges concurred.